**William T. GRAY, III, Appellant,**

v.

**Theisha POOLE, Appellee.**

No. 01–7052.

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 7, 2001.

Decided Jan. 8, 2002.

Brian A. Hill, appointed by the court, argued the cause as amicus curiae on the side of appellant. With him on the briefs were Alan I. Horowitz and John D. Bates.

William T. Gray, III, appearing pro se, was on the briefs for appellant.

Mary L. Wilson, Assistant Corporation Counsel, argued the cause for appellee. With her on the brief were Robert R. Rigsby, Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel.

Before: EDWARDS, HENDERSON, and GARLAND Circuit Judges.

Opinion for the Court filed by Circuit Judge EDWARDS.

HARRY T. EDWARDS, Circuit Judge:

Appellant William T. Gray, III, appeals the District Court's dismissal of his *pro se* lawsuit against Theisha Poole, a District of Columbia social worker. Poole investigated and helped initiate a child neglect action filed in the District of Columbia Superior Court ("Superior Court"), which ultimately resulted in the termination of Gray's custody of his younger brother. Gray filed a complaint in District Court, claiming that Poole and the two attorneys responsible for the child neglect action had violated 42 U.S.C. § 1983 in investigating, initiating, and prosecuting the matter. The District Court dismissed Gray's action, holding that all three defendants were protected by absolute immunity. This court summarily affirmed the dismissal as to the two attorneys. *See Gray v. Poole*, 243 F.3d 572 (D.C.Cir.2001)

("*Gray I*"). The only remaining issue before this court is whether Poole is protected by absolute or qualified immunity.

Poole engaged in two distinct types of activities in connection with the child neglect matter. She first investigated the case and recommended that a neglect action be brought. Those activities were similar to actions taken by police officers prior to the commencement of a criminal prosecution and, consequently, should be assessed in the same way. Accordingly, Poole is entitled to only qualified, not absolute, immunity for those functions. She also submitted a statement to the court in connection with the neglect action. That activity was "intimately associated" with the judicial process and, therefore, Poole is entitled to absolute immunity from suit for what she said in the statement. *See Imbler v. Pachtman*, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

We hereby affirm in part and reverse in part the District Court's dismissal of Gray's claims and remand for further proceedings consistent with this opinion.

### I. BACKGROUND

The underlying facts in this case are fully recounted in *Gray I*. Therefore, we will only briefly summarize the events relevant to Poole's appeal.

Appellant Gray lost custody of his minor brother and guardianship of his brother's estate in a series of actions, culminating in a neglect action brought by the District of Columbia in 1999. The petition initiating the neglect action was signed by the Corporation Counsel for the District of Columbia and Poole, and the matter was heard in Superior Court. Subsequent to the initiation of the neglect action, Gray filed a *pro se* law suit against the attorney prosecuting the neglect action, Corporation Counsel, and Poole, the social worker assigned to the neglect case. In the original com-

plaint, Gray claimed, *inter alia*, that Poole violated 42 U.S.C. § 1983 in negligently investigating the neglect case and then filing an unfounded petition in support of the neglect case. In a response to the defendants' motion to dismiss, Gray also alleged that Poole made an ill-founded recommendation to Corporation Counsel to bring the neglect action and authorized or participated in an illegal entry of Gray's home.

The District Court dismissed Gray's law suit after finding that, on the facts alleged, all three defendants were protected by absolute immunity. *See Gray v. Poole*, Civ. Act. No.99–2233, slip op. at 3, 5, 2000 WL 33301796 (D.D.C. Apr. 27, 2000). In *Gray I*, this court granted the motions for summary affirmance filed by the two attorneys who brought and supervised the neglect action, and "directed full briefing and argument for Gray's appeal of Poole's dismissal." 243 F.3d at 575 n. 3. The court then appointed *amicus curiae* to present argument in support of Gray.

### II. DISCUSSION

In reviewing the District Court's dismissal of Gray's law suit, we must accept all of appellant's allegations as "entirely true." *Buckley v. Fitzsimmons*, 509 U.S. 259, 261, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993). And, because Gray is proceeding *pro se*, our review of his pleadings is subject to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). We must also examine other pleadings to understand the nature and basis of Gray's *pro se* claims. *See Richardson v. United States*, 193 F.3d 545, 548 (D.C.Cir.1999) (holding that District Court abused its discretion when "failing to consider [*pro se* plaintiff's] complaint in light of his reply to the motion to dismiss").

In reviewing Gray's claims, we must first consider whether Poole is entitled to absolute immunity, as the District Court held, or only qualified immunity, as Gray contends. The Supreme Court has instructed the lower federal courts to adhere to a "functional approach" in determining the applicability of absolute versus qualified immunity:

[W]e have recognized two kinds of immunities under § 1983. Most public officials are entitled only to qualified immunity. *Harlow v. Fitzgerald,* 457 U.S. 800, 807, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Butz v. Economou,* 438 U.S. 478, 508, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). Under this form of immunity, government officials are not subject to damages liability for the performance of their discretionary functions when "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. at 818, 102 S.Ct. at 2738. In most cases, qualified immunity is sufficient to "protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority." *Butz v. Economou,* 438 U.S. at 506, 98 S.Ct. at 2910–11.

We have recognized, however, that some officials perform "special functions" which, because of their similarity to functions that would have been immune when Congress enacted § 1983, deserve absolute protection from damages liability. *Id.* at 508, 98 S.Ct. at 2911–12. "[T]he official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." *Burns v. Reed,* 500 U.S. [478,] 486, 111 S.Ct. 1934, 114 L.Ed.2d 547 [(1991)]; *Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429, 432, and n. 4, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993). Even when we can identify a common-law tradition of absolute immunity for a given function, we have considered "whether § 1983's history or purposes nonetheless counsel against recognizing the same immunity in § 1983 actions." *Tower v. Glover,* 467 U.S. [914,] 920, 104 S.Ct. 2820, 81 L.Ed.2d 758 [(1984)]. Not surprisingly, we have been "quite sparing" in recognizing absolute immunity for state actors in this context. *Forrester v. White,* 484 U.S. 219, 224, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988).

In determining whether particular actions of government officials fit within a common-law tradition of absolute immunity, or only the more general standard of qualified immunity, we have applied a "functional approach," see, *e.g., Burns,* 500 U.S. at 486, 111 S.Ct. at 1939, which looks to "the nature of the function performed, not the identity of the actor who performed it," *Forrester v. White,* 484 U.S. at 229, 108 S.Ct. at 545.

*Buckley,* 509 U.S. at 268–69, 113 S.Ct. at 2612–14.

In *Gray I,* we examined the Supreme Court's application of this functional approach in two cases – *Imbler* and *Butz* – and held that "government attorneys who prosecute child neglect actions perform 'functions analogous to those of a prosecutor [and] should be able to claim absolute immunity with respect to such acts.'" 243 F.3d at 577 (quoting *Butz,* 438 U.S. at 515, 98 S.Ct. at 2915). Here, Poole urges us to extend this analogy so that she is afforded absolute immunity for all of her actions. *Amicus* for Gray, on the other hand, asserts that, because the statutory responsibility for initiating the neglect action did not lie with Poole, any analogy to prosecutorial immunity is spurious. *Amicus* suggests, instead, that we should adopt a rule that provides absolute immunity only for

in-court oral testimony, which, in this case, would afford Poole only qualified immunity. In our view, neither Poole nor Gray has enunciated the correct standard for the determination of the appropriate level of official immunity to which Poole is entitled.

We begin our analysis by identifying the relevant functions carried out by Poole that form the basis of Gray's complaint. The actions at issue include two distinct and separate types of activities. Some of Gray's charges involve Poole's functions as an investigator and adviser to the Corporation Counsel, while the remaining claims focus on the statement Poole signed in the neglect action. These two groups of functions fall neatly into two clear-cut categories, which we discuss in turn.

■ Poole's actions as an investigator and adviser to the Corporation Counsel – *i.e.,* relating to whether Corporation Counsel should bring the neglect action – are analogous to actions taken by police officers prior to the giving of testimony in a criminal prosecution. Like a police officer, Poole tracked down information, made professional judgments, and passed on her findings to attorneys in the office of the Corporation Counsel. These functions are subject to qualified, not absolute, immunity.

In *Malley v. Briggs,* 475 U.S. 335, 344-45, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986), the Supreme Court made it clear that, in assessing the appropriate level of official immunity, the function of a police officer applying for a warrant is *not* equivalent to the function of a prosecutor seeking an indictment:

> We intend no disrespect to the officer applying for a warrant by observing that his action, while a vital part of the administration of criminal justice, is further removed from the judicial phase of criminal proceedings than the act of a prosecutor in seeking an indictment. Furthermore, ... the prosecutor's act in seeking an indictment is but the first step in the process of seeking a conviction.... Thus, we shield the prosecutor seeking an indictment because any lesser immunity could impair the performance of a central actor in the judicial process.

*Id.* at 342–43, 106 S.Ct. at 1096–97 (footnote omitted). The distinction drawn in *Malley* is controlling here, for it confirms that a social worker who functions as investigator and advisor has no legitimate basis upon which to claim absolute immunity in actions brought with respect to these functions.

■ The statement Poole signed in the child neglect action in Superior Court is a different matter, however, because her function in this connection was as a witness in a judicial proceeding and hence was "intimately associated" with the judicial process. Poole is therefore entitled to absolute immunity from suit for what she said in that statement. Under the relevant District of Columbia statutes, Poole was not *required* to play any role in the initiation of the neglect proceeding. The Corporation Counsel, not the social worker, must prepare every petition "after an inquiry into the facts and a determination of the legal basis for the petition." D.C.CODE § 16-2305(c) (2001); *see also In re: J.J.Z.,* 630 A.2d 186, 190 (D.C.1993) (describing statutory framework). In this case, however, Poole was much more than a bystander in the Superior Court action. She signed a statement in the petition setting forth the facts of the case and attesting, under oath, that those facts were true. Thus, while Poole may not have been required to sign the petition, she was not forbidden from doing so. And when she did, she acted as a witness in a judicial proceeding.

In *Briscoe v. LaHue*, 460 U.S. 325, 326, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983), the Court held that government officials "are absolutely immune from damages liability based on their testimony" in a judicial proceeding. This same principle applies to Poole's participation in the Superior Court action. It does not matter whether Poole's sworn statement was given in oral or written form; what matters is that her statement was the equivalent of sworn testimony in a judicial proceeding.

*Amicus* for Gray argues that Poole's sworn statement is not entitled to absolute immunity protection, because it was not "intimately associated" with the Superior Court judicial process. In other words, counsel appears to suggest that Poole should only be protected by absolute immunity if she appeared as a witness and offered her statement in the form of oral testimony before the court. This argument does not hold up, however, when viewed in the light of *Briscoe*. The Court in *Briscoe* looked to English common law to determine the bounds of absolute immunity for "parties and witnesses from subsequent damages liability for their testimony in judicial proceedings." 460 U.S. at 330–31, 103 S.Ct. at 1112–13 (footnote omitted). None of the common law cases cited by the Court distinguished between in-court and out-of-court, or written and oral statements. Indeed, in *Henderson v. Broomhead*, 157 Eng. Rep. 964, 967 (Ex. Ch. 1859), one of the cases cited by the Supreme Court, the English court considered "whether an action will lie against a party who in the course of a cause made an affidavit which contained matter scandalous to the present plaintiff, and which was false and malicious" and held that "[a]n action will not lie for defamatory words spoken in the course of litigation which are relevant to that litigation." The relevant variable in the court's analysis was the nature of the connection between the dis-

puted affidavit statement and the judicial process, not the form of the testimony. Under this standard, Poole's statement under oath that was given to initiate the Superior Court action is protected by absolute immunity.

The Supreme Court's recent discussion of absolute immunity in *Kalina v. Fletcher*, 522 U.S. 118, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997), further supports this conclusion. There, a prosecutor contemporaneously filed three documents in a criminal prosecution – an information charging respondent with burglary, a motion for an arrest warrant, and an affidavit supporting the issuance of the arrest warrant. *Id.* at 121, 118 S.Ct. at 505. The Court granted absolute immunity for the first two documents – the information and the motion for an arrest warrant. The Court denied absolute immunity for the affidavit that was given in support of the arrest warrant, however, because the prosecutor was not functioning as "'an advocate for the State'" when she submitted the affidavit. *Id.* at 126, 118 S.Ct. at 507–08 (quoting *Buckley*, 509 U.S. at 273, 113 S.Ct. at 2615–16). Thus, *Kalina* confirms that officials who serve as complaining witnesses receive qualified, not absolute, immunity. *See also Malley*, 475 U.S. at 340, 106 S.Ct. at 1095–96 (stating that "complaining witnesses were not absolutely immune at common law").

In this case, Poole's statement under oath was not that of a "complaining witness." Rather, the petition initiated the neglect action in Superior Court, just as a complaint does in federal district court, and Poole's sworn statement was thus an undeniable part of the "judicial process." In *Kalina* and *Malley*, by contrast, the sworn statements merely supported warrant applications, filed as part of an *ex parte* process prior to the indictment that begins the criminal case. Like the trial

testimony in *Briscoe,* Poole's statements are "intimately associated" with the judicial process. *See Malley,* 475 U.S. at 342–43, 106 S.Ct. at 1096–97.

Poole makes three other arguments on appeal, all of which are meritless and only one of which is even worthy of discussion. Poole claims that, because Gray's claims are "inextricably intertwined with the propriety of the Superior Court neglect proceeding concerning his younger brother and could have been litigated in that neglect proceeding," Br. for Theisha Poole at 17, the *Rooker-Feldman* doctrine precludes this court from exercising jurisdiction. The *Rooker-Feldman* doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court. *See Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). Because 28 U.S.C. § 1257 requires that appeals from state courts go exclusively to the Supreme Court, the *Rooker-Feldman* doctrine ensures that the Supreme Court's appellate jurisdiction is exclusive. *See Stanton v. Dist. of Columbia Court of Appeals,* 127 F.3d 72, 75 (D.C.Cir.1997). In this case, however, *Rooker-Feldman* does not come into play, because Gray's federal claims are entirely separate and distinct from the result of the D.C. neglect action. The legality of Poole's actions was not at issue in the neglect action and the remedy for any illegal action in the § 1983 suit – money damages – would not disturb the judgment of the state court action – custody. *See, e.g., Ernst v. Child & Youth Servs. of Chester County,* 108 F.3d 486, 491-92 (3d Cir.1997) (declining to invoke *Rooker-Feldman* doctrine under similar circumstances).

### III. CONCLUSION

For the reasons given above, we affirm in part and reverse in part the District Court's dismissal of Gray's claims against Poole on absolute immunity grounds. Poole is entitled to absolute immunity for *any* testimony that she gave to Superior Court in the child neglect action, and only qualified immunity for all other disputed actions at issue in this case. We remand for further proceedings consistent with this opinion.

*So ordered.*