**Erich S. McBRIDE, Plaintiff,**

v.

**MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION and Massachusetts General Hospital, Defendants.**

**Civil Action No. 08–10797–NMG.**

United States District Court, D. Massachusetts.

Dec. 10, 2009.

---

Andrea Peraner–Sweet, Sally & Fitch LLP, Liza J. Tran, Office of the Attorney General, Boston, MA, for Defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

Plaintiff Erich McBride ("McBride") brought suit against the Massachusetts Commission Against Discrimination ("MCAD") and Massachusetts General Hospital ("MGH") for various forms of employment Discrimination. Although his complaint does not clearly state any cause of action, McBride's opposition to the instant motion states that his "race case" is comprised of four components: race discrimination, harassment, disparate treatment and retaliation. Elsewhere in that filing, he alleges violations of M.G.L. c. 151B, § 4 and Title VII of the Civil Rights Act of 1964. Before the Court are defendants' motions to dismiss.

## I. *Background*

### A. **Factual Background**

This dispute arises out of McBride's termination from MGH in 2006 where he had been a Senior Orthopedic Technician in the emergency room since 1997. The sparse record in this Court and plaintiff's incoherent filings, however, make it difficult to

discern the alleged facts. As best the Court can tell, they are as follows.

McBride's claim of race-based discrimination appears to stem from two incidents. First, in February, 2006, McBride treated a woman named Carol Ann Linscott ("Linscott") for a broken ankle. Linscott subsequently sent a letter of complaint to the president of MGH about "a black man whose name is Alex, I believe" who turned out to be McBride. Linscott alleged that McBride, among other things, approached her stretcher, squeezed her calf causing her pain, moved her uncomfortably, spoke to her in double entendres and inappropriately asked her if she had been drinking when her accident occurred. After an investigation was opened and a first warning issued, McBride's supervisor, John Burns ("Burns"), allegedly told McBride that disciplinary actions were taken because "it involve[d] a rich white woman from Beacon Hill." McBride acknowledges some facts about the incident but maintains that he acted appropriately. He asserts that he was subsequently exonerated of the charges by MGH but that a document was placed in his file counseling him to avoid asking questions about a patient's sobriety that are irrelevant to the treatment to be rendered.

Second, in July, 2006, McBride was apparently issued a "Second Final Written Warning Memo" for inappropriate behavior towards a floor nurse, Amy Celbuski ("Celbuski"). The nurse alleged that McBride was threatening and rude after being paged to treat a patient. McBride again disputes that he did anything wrong and claims that Burns similarly told him that a warning was issued because "it involves a white nurse who has a witness."

In addition to his central claims, McBride's papers are replete with sporadic allegations including, *inter alia*, 1) that he was harassed by co-worker Mark Parks ("Parks"), 2) that he was terminated in retaliation for filing a grievance to fight the charges leveled against him, 3) that he has not been given a full opportunity to contest the charges against him in procedures at MGH or elsewhere, 4) that he suffered pain due to delayed medical treatment after his termination resulting from cancellation of his medical benefits and 5) that his reputation has been tarnished.

McBride was terminated on or about November 6, 2006, the day before he was scheduled to have a grievance procedure at the hospital. The reasons for and the facts surrounding the termination are generally unclear but McBride states that he was terminated due to allegations of threatening Parks and inappropriate behavior towards nurse Celbuski.

McBride claims, with the apparent support of certain letters, that he was a good employee and that, in fact, he was the victim in these events. The relief sought is unclear but at various times he asserts claims for monetary relief (including back pay), clearing his name, a good reference for future work and his job back.

## B. Procedural History

Before filing the instant case, McBride filed a complaint with the MCAD in early 2007. The agency found that his case lacked probable cause. McBride appealed that decision and, pursuant to agency procedure, received a preliminary hearing on July 16, 2007. The Investigating Commissioner subsequently affirmed the lack of probable cause finding.

McBride then filed a complaint in this Court on May 6, 2008 and, shortly thereafter, an amended complaint. Plaintiff also filed a motion for leave to proceed *in forma pauperis*. On July 14, 2008, this Court denied that motion without prejudice and stated that if plaintiff filed a new

application, he must also "demonstrate good cause why this action should not be dismissed" because his complaint appeared to fail to state a valid claim. On August 28, 2008, McBride filed a second motion for leave to proceed *in forma pauperis.* Although not filed or docketed as such, that filing contained an "Exhibit" which appears to be a second amended complaint.[1] This Court again denied the motion without prejudice as incomplete on January 30, 2009. In lieu of submitting an additional filing, McBride simply paid the filing fee on February 6, 2009.

MCAD and MGH then filed motions to dismiss on April 10, 2009 and May 1, 2009, respectively. After receiving an extension of time, McBride filed a response on July 6, 2009.

### III. *Analysis*

#### A. Motion to Dismiss Standard

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). In considering the merits of a motion to dismiss, the Court may look only to the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the complaint and matters of which judicial notice can be taken. *Nollet v. Justices of the Trial Court of Mass.,* 83 F.Supp.2d 204, 208 (D.Mass.2000) *aff'd,* 248 F.3d 1127 (1st Cir.2000). Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Langadinos v. American Airlines, Inc.,* 199 F.3d 68, 69 (1st Cir.2000).

If the facts in the complaint are sufficient to state a cause of action, a motion to dismiss the complaint must be denied. *See Nollet,* 83 F.Supp.2d at 208.

Although a court must accept as true all of the factual allegations contained in a complaint, that doctrine is not applicable to legal conclusions. *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). Threadbare recitals of the legal elements, supported by mere conclusory statements, do not suffice to state a cause of action. *Id.* Accordingly, a complaint does not state a claim for relief where the well-pled facts fail to warrant an inference of any more than the mere possibility of misconduct. *Id.* at 1950.

#### B. MCAD's Motion to Dismiss

MCAD moves to dismiss the complaint on several grounds. Citing this Court's July 14, 2008 Order and plaintiff's complaint, the agency interprets plaintiff's claim to be brought under § 1983 for failure to investigate and substantiate his discrimination charge filed with MCAD. MCAD contends that 1) such a claim is barred by the Eleventh Amendment, 2) in the alternative, MCAD is not a "person" under § 1983 and 3) in any event, plaintiff's complaint lacks any relevant factual allegations and thus fails to meet the pleading requirements of *Twombly.*

Plaintiff's response states that "I [would] like to withdraw my petition to bring a lawsuit against [MCAD]...." In light of that statement and the arguments presented by MCAD, the Court will allow the motion to dismiss the complaint against MCAD. *Cf. Gray v. Poole,* 275 F.3d 1113, 1115 (D.C.Cir.2002) (stating that pleadings and filings other than a formal

---

**1.** The complaint and other "Exhibits" may have been McBride's attempt to demonstrate

good cause.

complaint must be considered in construing a *pro se* litigant's claims).

### C. MGH's Motion to Dismiss

MGH's motion to dismiss similarly relies on this Court's July 14, 2008 Order and interprets plaintiff's claims to seek only a review of the MCAD decision. MGH contends that dismissal is thus required because 1) a lack probable cause finding by MCAD is not appealable and therefore this Court lacks subject matter jurisdiction, 2) even if it were appealable, Massachusetts state courts maintain exclusive jurisdiction over any review of an MCAD decision and 3) even if this Court had jurisdiction, the complaint fails to state a claim under the requisite pleading requirements.

Although MGH's memorandum oversimplifies this case, the Court will nonetheless allow its motion to dismiss. Liberally construing plaintiff's filings, as it must, the Court discerns the pleadings as seeking relief on two grounds: 1) review of the MCAD decision and 2) independent discrimination claims against MGH. Both grounds are considered in turn.

#### 1. Review of the MCAD Decision

■ To the extent that plaintiff seeks review of the MCAD decision in this Court, as the July 14, 2008 Order implied, MGH is correct that the claims are improper. Courts have been inconsistent, however, in reaching this result. Some have held that a finding of no probable cause by the MCAD is a final agency decision that precludes subsequent suit in any court. *E.g., Joseph v. Wentworth Inst. of Tech.*, 120 F.Supp.2d 134, 144–45 (D.Mass.2000). By contrast, other courts have held that a lack of probable cause finding is preliminary, not final. *E.g., Stern v. Haddad Dealerships of the Berkshires, Inc.*, 477 F.Supp.2d 318, 326–27 (D.Mass.2007); *Zannerini v. Mass.*

*Comm'n Against Discrimination*, No. 08–P–554, 2009 WL 1704720 (Mass.App.Ct. June 19, 2009). If the finding is preliminary, judicial review of the MCAD decision is not available under M.G.L. c. 151B, §§ 5, 6 but an independent complaint of discrimination may be filed in Massachusetts Superior Court pursuant to M.G.L. c. 151B, § 9. *Zannerini*, 2009 WL 1704720, at *2.

The latter position seems correct but, in any event, the end result is the same: seeking review of the MCAD decision is improper in this Court. Accordingly, to the extent that McBride seeks such a review, his claims will be dismissed.

#### 2. Independent Claims Against MGH

There is good reason to believe that a review of the MCAD decision is all that plaintiff seeks. His complaint states:

> I[sic] hopeful the court will come up with a fair and equitable facts base decision. I felt that the (M.C.A.D.) Massachusetts Commission against Discrimination was unable to investigate the charge of Race Discrimination, and Disparate Treatment, and Retaliation while working on the job [at MGH].

Nonetheless, because McBride is *pro se* and because his opposition refers to Title VII, for example, the Court considers a plausible reading of his complaint to seek employment discrimination relief independent of the MCAD decision.

Even under the latter reading, however, the Court will allow the motion to dismiss because, as MGH contends, McBride does not state a claim upon which relief can be granted. Although his complaints fail to state any causes of action, the opposition memorandum purports to identify four: race discrimination, harassments, dispa-

362

rate treatment and retaliation.[2] They are all without merit.

■ With respect to harassment, McBride makes two sets of allegations. First, his papers contain numerous vague and conclusory statements that he was harassed. Such bare assertions, of course, are insufficient. *E.g., Iqbal,* 129 S.Ct. at 1949. Second, McBride specifically points to harassment by co-worker Mark Parks. The only contention beyond a general statement is that Parks harassed him due to his past criminal record. Even if true, however, such a claim cannot support a claim of harassment or of hostile work environment because such "harassment" is not racially-based. *See Prescott v. Higgins,* 538 F.3d 32, 42 (1st Cir.2008). Accordingly, plaintiff's submissions fail to allege a valid claim of harassment.

■ The remaining claims are equally unavailing. With respect to retaliation, McBride's contention appears to be that in response to his attempts to initiate grievance procedures or his threat to sue Ms. Linscott, MGH retaliated by firing him. With respect to race discrimination and disparate treatment, McBride focuses on the allegations of Linscott and nurse Celbuski and Burns' subsequent statements that MGH chose to discipline McBride because both women were white.

With respect to both claims, however, there is no support for McBride's position other than his own speculation and the conjectural statements allegedly made by Burns. Whatever McBride or Burns may have believed, no facts (to the extent the facts are discernible) link MGH's decision to fire McBride to discrimination or retaliation. *Cf. Chappell v. GTE Prods. Corp.,* 803 F.2d 261, 268 (6th Cir.1986) ("Mere

personal beliefs, conjecture and speculation are insufficient to support an inference of ... discrimination."). To the contrary, although the record is sparse, it indicates valid reasons for MGH's decision to terminate his employment (namely, repeated allegations of threatening behavior by McBride). The Court finds, therefore, that to the extent McBride attempts to bring claims of race-based discrimination, disparate treatment or retaliation outside the scope of the MCAD decision, his filings are insufficient to support such allegations. Accordingly, MGH's motion to dismiss will be allowed.

### ORDER

In accordance with the foregoing, defendants' motions to dismiss (Docket Nos. 13 & 16) are **ALLOWED.**

**So ordered.**

---

**2.** Plaintiff also makes passing references to slander, libel and defamation but the Court interprets those claims, to the extent they

target MGH and not Ms. Linscott, to be encompassed by the claim of harassment.