## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

)
**WILLIAM MCCOY EL,** )
)
**Plaintiff,** )
)
**v.** ) **Criminal No. 12-1421 (RMC)**
)
**STATE OF MARYLAND,** *et al.*, )
)
**Defendants.** )
)

## MEMORANDUM OPINION

Pro se Plaintiff William McCoy El filed a Complaint here purporting to "remove" to federal court two suits from the Circuit Court of Maryland for Prince George's County, Case Numbers CAE 09-26333 and CAE 11-23468. Compl. [Dkt. 1] at 5. The public docket for the first case, *Geesing v. McCoy*, CAE 09-26333, shows that in 2009 the Bank of New York Mellon and Bierman Geesing & Ward LLC brought suit against Mr. McCoy to foreclose on a deed of trust on Mr. McCoy's property located at 1771 Queen Anne Road, Upper Marlboro, Maryland 20774. The Circuit Court ratified sale on May 13, 2010 and entered judgment for possession in favor of Bank of New York Mellon on September 15, 2011. The public docket for the second case, *McCoy v. Bank of New York Mellon*, CAE 11-23468, reveals that in 2011 Mr. McCoy sued Howard Bierman and Bank of New York Mellon for quiet title to the same property. On June 25, 2012, the Circuit Court denied as moot Mr. McCoy's motion to stay eviction.

Mr. McCoy claims that the State of Maryland had no jurisdiction over him because he is an "Aboriginal Indigenous Moorish-American," Compl. at 4,12, challenges the decisions of the state court regarding title to his property, and asserts a due process violation. Compl. at 5, 17. Because this Court lacks jurisdiction, the case will be dismissed.

A complaint can be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), which may be done by a court sua sponte at any time. Fed. R. Civ. P. 12(h)(3). *See, e.g., Jerez v. Republic of Cuba*, 777 F. Supp. 2d 6, 15 (D.D.C. 2011). When determining whether a case should be dismissed for lack of jurisdiction under Rule 12(b)(1), a court reviews the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged. *Barr v. Clinton*, 370 F. 3d 1196, 1199 (D.C. Cir. 2004). Nevertheless, "the Court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions." *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006). Further, in deciding whether it has jurisdiction, a court may consider materials outside the pleadings. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005). No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is an Article III and statutory requirement. *Akinseye v. Dist. of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). The party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists. *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008).

Mr. McCoy purports to remove two state court suits to federal court. Compl. at 5. The statute governing removal, 28 U.S.C. § 1441-1455, permits defendants to remove suits over which federal courts have original jurisdiction. *See* 28 U.S.C. § 1441(a). It does not permit removal by plaintiffs. Thus, the statute does not permit Mr. McCoy to remove *McCoy v. Bank of New York Mellon*, CAE 11-23468. Further, the statute permits removal of suits over which the federal court has jurisdiction. In any event, the Court lacks jurisdiction over both of the state

court suits under the *Rooker-Feldman* abstention doctrine, named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

The *Rooker-Feldman* doctrine provides that a federal district court has no jurisdiction over actions which essentially seek "appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994); *see also Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) (*Rooker-Feldman* prohibits federal courts from "hearing cases that amount to the functional equivalent of an appeal from a state court"). Federal district courts do not have the "authority to review final judgments of a state court in judicial proceedings," *Feldman*, 460 U.S. at 482, or to decide federal constitutional claims that are so "inextricably intertwined with the state court decision that the district court is in essence being called upon to review the state-court decision." *Id.* at 483.

In a case similar to the one at hand, *Tremel v. Bierman & Geesing, LLC*, 251 F. Supp. 2d 40 (D.D.C. 2003), the plaintiff was a mortgagor who challenged a state court's decision ratifying the foreclosure sale of his residence. He sought possession of his residence and damages, alleging a violation of due process, fraud, and discrimination. *Tremel*, 251 F. Supp. 2d at 46 n.8. Since the plaintiff sought the equivalent of appellate review of state court rulings, the district court dismissed the suit for lack of jurisdiction under *Rooker-Feldman. Id.* at 45-46. Likewise here, Mr. McCoy asks the federal district court to review state court rulings. This Court lacks jurisdiction over Mr. McCoy's Complaint under *Rooker-Feldman* and the Complaint must be dismissed. A memorializing Order accompanies this Memorandum Opinion.

Date: October 5, 2012

_____/s/_____
ROSEMARY M. COLLYER
United States District Judge