# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| PAUL RUSSO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )      **Criminal No. 12-1721 (RMC)** |
| | ) |
| GMAC MORTGAGE, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM OPINION

Pro se Plaintiff Paul Russo filed a Complaint here challenging a Judgment of Foreclosure on his property located at 150 Rockland Road, Guilford, Connecticut. GMAC Mortgage LLC brought suit for foreclosure against Mr. Russo in Superior Court, Judicial District of New Haven, Connecticut. *See GMAC Mortgage LLC v. Russo*, Case No. NNH-CV10-6012452-S (filed June 29, 2010). The Superior Court issued a Judgment of Strict Foreclosure on January 3, 2012. *Id*. (Dkt. 121). Mr. Russo moved to open the Judgment and that motion was denied on August 27, 2012. *Id*. (Dkt. 122). In the Complaint filed in this Court, Mr. Russo challenges the decision of the Connecticut Superior Court regarding title to his property and asserts a due process violation. *See, e.g*., Compl. [Dkt. 1] at 7, 11, 21, 33. Because this Court lacks jurisdiction, the case will be dismissed.

A complaint can be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), which may be done by a court *sua sponte* at any time. Fed. R. Civ. P. 12(h)(3). *See, e.g., Jerez v. Republic of Cuba*, 777 F. Supp. 2d 6, 15 (D.D.C. 2011). When determining whether a case should be dismissed for lack of jurisdiction under Rule 12(b)(1), a court reviews the complaint liberally, granting the plaintiff the

benefit of all inferences that can be derived from the facts alleged. *Barr v. Clinton*, 370 F. 3d 1196, 1199 (D.C. Cir. 2004). Nevertheless, "the Court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions." *Speelman v. United States*, 461 F. Supp. 2d 71, 73 (D.D.C. 2006). Further, in deciding whether it has jurisdiction, a court may consider materials outside the pleadings. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005). No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is an Article III and statutory requirement. *Akinseye v. Dist. of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). The party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists. *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008).

The Court lacks jurisdiction over the Superior Court suit under the *Rooker-Feldman* abstention doctrine, named for *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine provides that a federal district court has no jurisdiction over actions which essentially seek "appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994); *see also Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) (*Rooker-Feldman* prohibits federal courts from "hearing cases that amount to the functional equivalent of an appeal from a state court"). Federal district courts do not have the "authority to review final judgments of a state court in judicial proceedings," *Feldman*, 460 U.S. at 482, or to decide federal constitutional claims that are so "inextricably intertwined with the state

court decision that the district court is in essence being called upon to review the state-court decision." *Id*. at 483.

In a case similar to the one at hand, *Tremel v. Bierman & Geesing, LLC*, 251 F. Supp. 2d 40 (D.D.C. 2003), the plaintiff was a mortgagor who challenged a state court's decision ratifying the foreclosure sale of his residence. He sought possession of his residence and damages, alleging a violation of due process, fraud, and discrimination. *Tremel*, 251 F. Supp. 2d at 46 n.8. Since the plaintiff sought the equivalent of appellate review of state court rulings, the district court dismissed the suit for lack of jurisdiction under *Rooker-Feldman*. *Id*. at 45-46. Likewise here, Mr. Russo asks the federal district court to review a state court ruling. This Court lacks jurisdiction under *Rooker-Feldman* and the Complaint must be dismissed.[1] A memorializing Order accompanies this Memorandum Opinion.

Date:   October 26, 2012

                                                              /s/
                                                    ROSEMARY M. COLLYER
                                                    United States District Judge

---

[1] Mortgage borrowers such as Mr. Russo may contact their State Attorney General's office. *See* https://www.nationalmortgagesettlement.com (listing Connecticut Attorney General George Jepsen, 55 Elm St., Hartford, CT 06141-0120, (860) 808-5318); *see also* https:// www. mortgageoversight.com (Report Issues link).