**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 14 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MARTIN REINER,

        Plaintiff - Appellant,

  v.

STATE OF CALIFORNIA,
Department of Industrial Relations; et al.,

        Defendants - Appellees.

No. 13-55437

D.C. No. 2:12-cv-08649-JST-RZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted August 12, 2015[**]
San Francisco, California

Before: CLIFTON, N.R. SMITH, and CHRISTEN Circuit Judges.

Martin Reiner, an attorney, appeals pro se from the district court's judgment

dismissing his 42 U.S.C. §1983 action alleging constitutional violations in

connection with sanctions he received in a state administrative proceeding. We

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We may affirm on any ground supported by the record, even if not relied upon by the district court. *Forest Guardians v. U.S. Forest Serv.*, 329 F.3d 1089, 1097 (9th Cir. 2003). We review de novo the district court's dismissal under the *Rooker-Feldman* doctrine, *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003), and we affirm.

The district court properly dismissed Claims 4 and 5 of Reiner's complaint as barred by the *Rooker-Feldman* doctrine because they constituted de facto appeals of prior state court decisions and raised claims inextricably intertwined with the state court decisions. *See id.* at 1163-65 (*Rooker-Feldman* bars de facto appeals of a state court decision and constitutional claims "inextricably intertwined" with the state court decision); *see also Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (a de facto appeal is one in which "the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules" (citations and internal quotation marks omitted)).

The district court also dismissed Claims 1 and 2 on the grounds of the *Rooker-Feldman* doctrine. We affirm. To the extent the Reiner's claims depended on finding the California Supreme Court's order suspending Reiner from the practice of law under Claim 2 was invalid, *Rooker-Feldman* applies, as it is a de

facto appeal of a state court's adjudication. *Reusser*, 525 F.3d at 859. To the extent that Reiner does not challenge the validity of the State Supreme Court's order of suspension, but focuses on ongoing proceeding in the State Bar Court, Reiner's request under claim 2 for injunctive relief against the State Bar Court and various functionaries is subject to abstention under *Younger v. Harris*. 401 U.S. 37 (1971). All four requirements of *Younger* abstention apply. *See Logan v. U.S. Bank Nat'l Ass'n*, 722 F.3d 1163, 1167 (9th Cir. 2013). We note that in the context of analyzing the *Younger* abstention requirements, the Supreme Court has said that states have "an extremely important interest in maintaining and assuring the professional conduct of the attorneys [they] license[]." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 434 (1982). Finally, to the extent that Claim 2 could be construed as a request for a writ of mandamus, we affirm the dismissal on the grounds that the district court lacked jurisdiction to grant mandamus relief against state officers. *See Demos v. U.S. Dist. Court for E. District of Wa.*, 925 F.2d 1160, 1161 (9th Cir. 1991).

We also affirm the dismissal of Claim 1 on *Younger* abstention grounds. While the process regarding the sanctions in Claim 1 is not ongoing, voiding the sanctions issued by the Workers Compensation Appeals Board would have the same effect as voiding the State Bar Court proceedings.

13-55437

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Claim 3, Reiner's state law claim for intentional infliction of emotional distress. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (where all federal claims are eliminated before trial, courts generally should decline to exercise supplemental jurisdiction over remaining state law claims); *Tritchler v. County of Lake*, 358 F.3d 1150, 1153 (9th Cir. 2004) (standard of review).

Reiner's motions, filed on September 23, 2014, October 23, 2014, October 29, 2014, December 9, 2014, February 2, 2015, February 24, 2015, March 2, 2015, March 17, 2015, March 30, 2015, April 3, 2015, April 21, 2015, May 4, 2015, and May 14, 2015 are denied.

**AFFIRMED.**