# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 20-5190**                    **September Term, 2020**

**1:20-cv-00031-APM**

**Filed On:** December 3, 2020

Martin Reiner,

　　　　Appellant

　　v.

John Roberts, et al.,

　　　　Appellees

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**　Rogers and Walker, Circuit Judges; Sentelle, Senior Circuit Judge

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief and appendix filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j).  It is

**ORDERED AND ADJUDGED** that the district court's dismissal order, filed April 3, 2020, and the district court's subsequent minute orders denying reconsideration, filed April 29, 2020, May 19, 2020, and June 5, 2020, be affirmed.  The district court correctly concluded that it lacks subject matter jurisdiction over appellant's complaint. Tooley v. Napolitano, 586 F.3d 1006, 1009 (D.C. Cir. 2009) ("A complaint may be dismissed on jurisdictional grounds when it is 'patently insubstantial,' presenting no federal question suitable for decision.") (quoting Best v. Kelly, 39 F.3d 328, 330 (D.C.Cir.1994)).  And the Rooker-Feldman doctrine is applicable to appellant's claim seeking review of his disbarment by the California Supreme Court.  See Gray v. Poole, 275 F.3d 1113, 1119 (D.C. Cir. 2002) ("The Rooker-Feldman doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court."); Reiner v. California, 612 F. App'x 473, 474 (9th Cir. 2015) (holding that the district court properly dismissed appellant's claim under the Rooker-Feldman doctrine where the claim challenged a prior order of suspension by the California Supreme Court); Scott v. Frankel, No. 15-5028, 2015 WL 4072075, at *1 (D.C. Cir. June 8, 2015) (declining to apply a fraud exception to the Rooker-Feldman doctrine because "appellant has not suggested any reason why he could not have presented his claims of fraud in the state court disciplinary proceeding.").

**No. 20-5190**                                       **September Term, 2020**

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
       Michael C. McGrail
       Deputy Clerk