# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

No. 24-5167

September Term, 2024

1:24-cv-00207-UNA

**Filed On:** October 2, 2024

Jordan Powell,

      Appellant

      v.

United States Small Business Administration,

      Appellee

### ON APPEAL FROM THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

**BEFORE:**    Millett, Pillard, and Pan, Circuit Judges

### J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the brief filed by appellant. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing and the motion to expedite, it is

**ORDERED AND ADJUDGED** that the district court's orders filed April 5, 2024, and May 8, 2024, be affirmed. The district court correctly concluded that it lacked subject matter jurisdiction over the complaint. See Fed. R. Civ. P 12(h)(3) ("If the [district] court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Davis v. U.S. Sentencing Comm'n, 716 F.3d 660, 662 (D.C. Cir. 2013) (Rule 12(h)(3) dismissals for lack of jurisdiction are reviewed de novo). Appellant's complaint alleged that appellee unlawfully denied an application by Pricecheck, Inc. for a loan agreement. Although appellant argues that he asserted claims to redress his own injuries and not those of Pricecheck, he failed to sufficiently establish the requisite elements of standing. See, e.g., Air Excursions LLC v. Yellen, 66 F.4th 272, 277 (D.C. Cir. 2023). Appellant did not sufficiently allege in his complaint or through his other pleadings that he suffered actual injuries that were fairly traceable to appellee's actions, or that the relief his complaint sought would redress those injuries. See id.; see also Gray v. Poole, 275 F.3d 1113, 1115 (D.C. Cir. 2002) (court examines pleadings other than the complaint "to understand the nature and basis" of a pro se litigant's claims). It is

**FURTHER ORDERED** that the motion to expedite be dismissed as moot.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**