# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DELGEN FOYE,                              )
                                         )
            Plaintiff,                   )
                                         )
    v.                                   )        Civil Action No.   24-01425 (UNA)
                                         )
                                         )
SCOTT S. HARRIS *et al.*,                )
                                         )
                                         )
            Defendants.                  )

## MEMORANDUM OPINION

Plaintiff Delgen Foye, a North Carolina prisoner appearing *pro se*, filed a complaint for declaratory relief and a motion to proceed *in forma pauperis* (IFP).  The Court will grant the IFP motion and dismiss this action under 28 U.S.C. § 1915A for failure to state a claim to relief.

Plaintiff sued the U.S. Supreme Court, U.S. Supreme Court Clerk Scott Harris and Deputy Clerk Clayton Higgins, Jr., and the U.S. District Court for the Eastern District of North Carolina. *See* Compl., ECF No. 1; Am. Compl., ECF No. 4.  Plaintiff accuses Defendants of "withholding [his] mail from the court" that was mailed "legally and timely" to the Supreme Court Clerk, which in turn impeded his right to appeal his conviction "to the highest court."  Compl. at 5.  He seeks a declaration that the Eastern District of North Carolina lacked "jurisdiction to file and later make a judgment" in his case.  *Id*.

The "availability of declaratory relief presupposes the existence of a judicially remediable right," *Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011) (cleaned up), not pleaded here.  The U.S. Supreme Court "has inherent [and exclusive] supervisory authority over its Clerk" and "neither a district court nor a circuit court of appeals has jurisdiction to interfere with it by mandamus or otherwise."  *In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992) (per curiam).  In

addition, Plaintiff's "need to address . . . the mistakes of" the Eastern District of North Carolina, Am. Compl. at 1, is unavailing because federal district courts lack jurisdiction to review another court's decisions and order it to take any action. *See Gray v. Poole*, 275 F.3d 1113, 1119 (D.C. Cir. 2002) ("The *Rooker-Feldman* doctrine prevents lower federal courts from hearing cases that amount to the functional equivalent of an appeal from a state court.") (citing *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923)); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts.") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)). Consequently, the Court will dismiss this case by separate order.

_____/s/_____
ANA C. REYES

Date: November 15, 2024        United States District Judge