**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

KENNETH L. REUSSER; GERTRUDE
REUSSER,
     *Plaintiffs-Appellants,*

v.

WACHOVIA BANK, N.A.;
WASHINGTON MUTUAL BANK, FA,
     *Defendants-Appellees,*

and

GEORGIANNA K. NAKAMOTO; STEVEN
C. NAKAMOTO,
     *Defendants.*

No. 06-35850

D.C. No.
CV-06-00112-HA

OPINION

Appeal from the United States District Court
for the District of Oregon
Ancer L. Haggerty, Chief District Judge, Presiding

Argued and Submitted
December 6, 2007—Portland, Oregon

Filed May 8, 2008

Before: Diarmuid F. O'Scannlain, Susan P. Graber, and
Consuelo M. Callahan, Circuit Judges.

Opinion by Judge O'Scannlain

5121

**COUNSEL**

Charles R. Markley, Greene & Markley, P.C., Portland, Oregon, argued the cause for the plaintiffs-appellants and filed briefs.

Thomas R. Johnson, Perkins Coie LLP, Portland, Oregon, argued the cause for the defendants-appellees and filed a brief; Amber A. Hollister, Perkins Coie LLP, Portland, Oregon, was on the brief.

**OPINION**

O'SCANNLAIN, Circuit Judge:

We must decide whether alleged fraud in a state court home foreclosure proceeding during the homeowners' bankruptcy can be re-visited in federal court.

I

A

In December 2001, Kenneth and Gertrude Reusser received an $860,000 loan from Long Beach Mortgage Company, placing as collateral a home that had been in Kenneth's family for more than 100 years. Five months after receiving the loan, the Reussers stopped making payments. In April 2003, Long Beach Mortgage Company assigned its interest to Wachovia Bank, which gave notice to the Reussers that it intended to foreclose on the property through Washington Mutual Bank, its loan servicing institution.

On August 27, 2003, the Reussers declared bankruptcy, which automatically stayed the foreclosure sale under 11 U.S.C. § 362(a)(3). However, Washington Mutual applied for and received a bankruptcy court order granting it relief from stay, thereby allowing the foreclosure sale to proceed. The bankruptcy court's order was worded, in relevant part, as follows:

> It appears . . . that the stay should be lifted as to enforcement of the deed of trust that is the subject of Washington Mutual Bank, F.A.'s motion and further as to the [Reussers'] property . . .

> IT IS THEREFORE ORDERED that, pursuant to 11 U.S.C. § 362(d), the automatic stay is terminated as to Washington Mutual Bank, F.A., its successors and assigns, so that it may pursue its state remedies to enforce its security interest in the Property and/or as to enforcement of the deed of trust that is the subject of [its] motion.[1]

Wachovia was not a party to Washington Mutual's motion before the bankruptcy court, nor did Wachovia directly seek relief from the automatic stay.

Despite the bankruptcy court order, the Reussers remained on the property, prompting Wachovia to institute a Forcible Entry and Detainer (FED) proceeding in Oregon state court. The accompanying Residential Eviction Complaint stated that Wachovia was entitled to possession of the residence and that the Reussers were required to appear in court on March 1, 2004, or a default judgment would be granted to Wachovia.

---

[1]We take judicial notice of the bankruptcy court order, because it is a matter of public record. *See Kourtis v. Cameron*, 419 F.3d 989, 994 n.2 (9th Cir. 2005); *see also* 11 U.S.C. § 107(a) ("[A] paper filed in a case under [the Bankruptcy Code] and the dockets of a bankruptcy court are public records.").

After receiving the summons and complaint, the Reussers wrote "Rejected for Cause Without Dishonor" across the front page and returned it to the state court by registered mail, along with a "First Amendment [sic] Petition for Abatement of Action" challenging the merits of the FED proceeding. Wachovia was served with a copy of the petition.

A parade of errors followed, leading to the present action. The Reussers failed to include a required $95 filing fee with their petition, and a state court clerk therefore attempted to return the petition by mailing it to the Reussers. However, the clerk mailed the rejected petition to the wrong address. The undelivered petition eventually was returned to the state court, which took no further action. Then, under the mistaken belief that their petition was filed and constituted an appearance, the Reussers did not show up to the scheduled FED hearing. At the hearing, Wachovia did not inform the state court that it had been served with the "First Amendment Petition" by the Reussers. Accordingly, the state court entered a default judgment in favor of Wachovia.

On May 7, 2005, the Reussers filed a motion in state court to vacate the default judgment, which was followed by a hearing. There, the Reussers argued that their failure to appear was excused by Wachovia's alleged failure to provide requisite notice that it would seek a default judgment, and by Wachovia's failure to inform the state court that it had been served with the Reussers' petition.[2] The state court denied the Reussers' motion without specifying the grounds for its holding, and the Reussers' appeal was dismissed as moot after the Reussers' property was sold in a subsequent foreclosure sale.

---

[2]We take judicial notice of the record of the proceedings. *See Kourtis*, 419 F.3d at 994 n.2.

B

Following their failed attempt to vacate the default judgment in Oregon state court, the Reussers filed a complaint against Wachovia and Washington Mutual in the United States District Court for the District of Oregon, alleging two federal claims. First, the Reussers brought a claim under 42 U.S.C. § 1983, arguing that Wachovia "acted jointly with Washington County officers, clerks, judges and sheriffs under color of law" wrongfully to evict the Reussers in violation of their right to property. Second, the Reussers alleged that Wachovia foreclosed on their property in violation of § 362, arguing that the bankruptcy court's order granted relief from the stay only to Washington Mutual and therefore did not apply to Wachovia. The Reussers also brought three state-law claims against Wachovia, alleging that Wachovia committed trespass, trespass to chattels, and false imprisonment.

Wachovia and Washington Mutual moved to dismiss the Reussers' action under Federal Rule of Civil Procedure 12(b)(1) and (b)(6), asserting that the *Rooker-Feldman* doctrine deprived the district court of jurisdiction over the case, and that the bankruptcy court's order empowered Wachovia to foreclose on the property under § 362(d). The district court granted the motions and dismissed the Reussers' action with prejudice. The district court held, among other things, that it lacked jurisdiction to consider the § 1983 claims under *Rooker-Feldman*, because such claims constituted a *de facto* appeal from the state courts' refusal to vacate its default judgment against the Reussers. Also, the district court dismissed the § 362 claim on the ground that the Reussers were collaterally estopped from challenging Wachovia's reliance on the bankruptcy court's order lifting the automatic stay.[3]

---

[3]The district court rendered no factual finding as to "an affiliation between Wachovia and Washington Mutual," noting that Wachovia "failed to produce evidence" concerning their relationship. Wachovia has asked us to take judicial notice of a declaration from Carolyn Adams, First

The Reussers then brought the present appeal, and we consider the district court's grounds for dismissal in turn.[4]

II

A

[1] The Reussers first argue that the *Rooker-Feldman* doctrine does not bar their § 1983 claims. The *Rooker-Feldman* doctrine is a well-established jurisdictional rule prohibiting federal courts from exercising appellate review over final state court judgments. *See Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007); *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). We have recognized that "[t]he clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision." *Henrichs*, 474 F.3d at 613. (internal quotation marks omitted).

---

Vice President of Washington Mutual Bank, F.A., and Corporate Secretary for Long Beach Mortgage Company, which states that Wachovia granted Washington Mutual "a Power of Attorney" to manage necessary affairs and transactions related to" assets including the Reussers' property. Because the accuracy of the declaration is subject to reasonable dispute, *see Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006), we decline to take judicial notice of such declaration, and therefore proceed without accepting as true that Wachovia and Washington Mutual bore such relationship.

[4]The Reussers do not challenge either the district court's dismissal of their state-law claims, or its dismissal of their § 1983 claims concerning excessive force allegedly used by law enforcement officers in evicting them from their property. Accordingly, any challenge to the dismissal of such claims is waived. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived.").

**[2]** However, *Rooker-Feldman* may also apply where the parties do not directly contest the merits of a state court decision, as the doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (citing *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003)). A federal action constitutes such a *de facto* appeal where "claims raised in the federal court action are 'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Bianchi*, 334 F.3d at 898. In such circumstances, "the district court is in essence being called upon to review the state court decision." *Feldman*, 460 U.S. at 483 n.16. Accordingly, we must determine whether the Reussers' § 1983 claims constitute a *de facto* appeal of the Oregon court's denial of their motion to vacate the default judgment entered against them, in which case the district court properly dismissed such claims for lack of subject matter jurisdiction.

B

**[3]** The Reussers urge that their action does not collaterally attack the merits of the state court decision; rather, they contend that their complaint properly alleges that Wachovia engaged in "extrinsic fraud" in bringing about the default judgment against them. The Reussers rely on our holding in *Kougasian*, in which we held that *Rooker-Feldman* does not bar a federal plaintiff from asserting as a legal wrong that an adverse party engaged in "conduct which prevent[ed] a [federal plaintiff] from presenting his claim in court." 359 F.3d at 1140 (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam)). The focus of such claim is not on whether a state court committed legal error, but rather on "a wrongful act by the adverse party." *Id*. at 1141; *see also Maldonado v. Harris*, 370 F.3d 945, 950 (9th Cir. 2004) ("The

legal wrong that [the plaintiff] asserts in this action is not an erroneous decision by the state court . . . [The plaintiff] asserts as a legal wrong 'an allegedly illegal act . . . by an adverse party.' ") (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)).

**[4]** Here, the Reussers allege that Wachovia engaged in two acts of extrinsic fraud. First, they allege that Wachovia failed to provide sufficient notice of its intent to seek a default judgment against the Reussers, in violation of Oregon Rule of Civil Procedure ("ORCP") 69A(1). Second, they allege that Wachovia failed to inform the state trial court that they had been served a copy of the Reussers' petition contesting the merits of the FED proceeding. The hitch in both contentions, however, is that they *already* have been litigated in Oregon state court. In their motion to vacate the state default judgment, the Reussers argued that their failure to appear at the FED proceeding was supported by "good cause" under ORCP 71, due in part to the same alleged misconduct at the heart of the present suit. The state court denied the Reussers' motion and therefore left the default judgment intact.

**[5]** The Reussers contend that the state court's refusal to vacate the default judgment cannot bar federal jurisdiction, because the state court did not specify the precise grounds on which its judgment rested. Accordingly, they argue, it is possible that the state court denied their motion on a procedural ground, rather than deciding the merits of their claims. However, the record reveals that the parties did not present a procedural argument before the state court either in their written motions or at the hearing that followed. While the state court did not cite the specific grounds underlying its denial of the motion, it expressly indicated that its decision was based on its "review[ of] the motion and pleadings in support of and opposition to the motion, and having heard argument from counsel," and when asked at the hearing whether it had any questions concerning the case, the state court responded that it did not. The only reasonable conclusions are that the state

court refused to credit the Reussers' factual allegations, or that it held that the allegations of "fraud, misrepresentation, or other misconduct of an adverse party," ORCP 71B(c), were insufficient to permit vacatur of the default judgment. Thus, even drawing all "reasonable inferences from the complaint" in the Reussers' favor, *Am. Fed'n of Gov't Employees Local 1 v. Stone*, 502 F.3d 1027, 1032 (9th Cir. 2007) (internal quotation marks omitted), we must conclude that the state court rejected the claimed extrinsic fraud on the merits.[5]

**[6]** Accordingly, the Reussers' § 1983 claims constitute a *de facto* appeal of a state court decision and are therefore barred by the *Rooker-Feldman* doctrine. That is, even assuming that the misconduct that the Reussers allege rises to the level of extrinsic fraud, such claim was *itself* separately litigated before and rejected by an Oregon state court. *See Taylor v. Fed. Nat'l Mortg. Ass'n*, 374 F.3d 529, 533-34 (7th Cir. 2004) (holding that the district court lacked jurisdiction to review a claim of extrinsic fraud, because the alleged fraud was separately litigated in a state action to vacate the purportedly erroneous judgment).[6]

---

[5]The Reussers also argue that the *Rooker-Feldman* doctrine does not apply, because Gertrude Reusser purportedly was not a party to the FED proceeding. Even if such is true, the argument fails because Gertrude was a party to the motion seeking to vacate the default judgment; it is *that* motion which is inextricably intertwined with the present action.

[6]While the Reussers correctly note that the Supreme Court recently recognized in *Lance v. Dennis*, 546 U.S. 459 (2006) (per curiam), that its "cases since *Feldman* have tended to emphasize the narrowness of the *Rooker-Feldman* rule," *id.* at 464, none of the examples cited by the Court bears any relation to this case. *See Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 292 (2005) (*Rooker-Feldman* does not apply to parallel state and federal litigation); *Verizon Md. Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 644 n.3 (2002) (*Rooker-Feldman* "has no application to judicial review of executive action, including determinations made by a state administrative agency"); *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (*Rooker-Feldman* does not bar actions by a nonparty in a prior state suit). *Lance*, likewise, held that the *Rooker-Feldman* doctrine does not bar federal actions merely because a party is in privity with a state-court loser. 546 U.S. at 460. Nevertheless, while the *Rooker-Feldman* doctrine has been pared back of late, it remains a viable jurisdictional bar.

III

**[7]** The Reussers also contend that Wachovia violated federal bankruptcy law by foreclosing on their property. Under 11 U.S.C. § 362(a)(4), an application for bankruptcy "operates as a stay, applicable to all entities, of . . . any act to create, perfect, or enforce any lien against property of the estate." Section 362(k), in turn, allows parties to seek damages for the violation of an automatic stay.[7] However, § 362(d) empowers a bankruptcy court, "[o]n request of a party in interest and after notice and a hearing," to "grant relief from the stay . . . such as by terminating, annulling, modifying, or conditioning such stay."

From April 18, 2003, Wachovia was the holder of the trust deed over the Reussers' property. However, Washington Mutual, rather than Wachovia, brought the motion in bankruptcy court seeking relief from the automatic stay, and the bankruptcy court did not name Wachovia in its order. Regardless, Wachovia argues that the order empowered it to foreclose on the Reussers' property. In addition to arguing that the bankruptcy court order did not authorize Wachovia to foreclose on the property, the Reussers now seek collaterally to attack the bankruptcy court's jurisdiction on the ground that Washington Mutual lacked standing to seek relief from the automatic stay.

**[8]** The Supreme Court recently noted that "[b]ankruptcy jurisdiction, at its core, is *in rem*," such that it "is premised on the debtor and his estate, and not on the creditors." *Cent. Va. Cmty. Coll. v. Katz*, 546 U.S. 356, 362, 369-70 (2006) (internal quotation marks omitted). Thus, a final order lifting an automatic stay is binding as to the property or interest in

---

[7]Following the filing of the Reussers' complaint, 11 U.S.C. § 362(h) was re-designated as § 362(k) as part of the 2005 amendments to the Bankruptcy Code. *See* Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 305(1)(B), 119 Stat. 23, 42.

question—the *res*—and its scope is not limited to the particular parties before the court. *See Tenn. Student Assistance Corp. v. Hood*, 541 U.S. 440, 448 (2004) ("A bankruptcy court's *in rem* jurisdiction permits it to 'determin[e] all claims that anyone, whether named in the action or not, has to the property or thing in question. The proceeding is 'one against the world.' ") (quoting J. Moore, et al., 16 MOORE'S FEDERAL PRACTICE § 108.70[1], p. 108-106 (3d ed. 2004)). The purpose of bankruptcy courts' "comprehensive jurisdiction" is to enable them to "deal efficiently and expeditiously with all matters connected with the bankruptcy estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 (1995) (internal quotation marks omitted).

**[9]** As such, it is immaterial that the bankruptcy court order did not specifically name Wachovia. Rather, what matters is that it addressed the deed of trust held by Wachovia; the bankruptcy court order granted relief both "as to the enforcement of the deed of trust" owned by Wachovia and "as to the [Reussers'] property." Accordingly, we are satisfied that the order granted Wachovia the right to foreclose on the property.

While the Reussers seek collaterally to challenge the bankruptcy court's jurisdiction, we need not address the merits of such argument. We have held that, where a party's standing to participate in a bankruptcy proceeding depends on a factual determination that could have been made by the bankruptcy court had the parties raised the issue before it, a collateral challenge to the bankruptcy court's jurisdiction is waived. *See Marks v. Brucker*, 434 F.2d 897, 899-900 (9th Cir. 1970) (holding, accordingly, "that there is no jurisdictional defect in the record and that the possible defense of absence of standing of the bankrupt to object to the claim has been waived by failure to raise it below"). Here, whether Washington Mutual was a stranger to the bankruptcy proceeding requires factual findings concerning its relationship with Wachovia that could have been resolved by the bankruptcy court had the Reussers

objected to Washington Mutual's standing. There is no indication in the record that any such objection was raised.

Accordingly, we must conclude that the Reussers' collateral attack on the bankruptcy court's jurisdiction is unavailing, and thus that Wachovia did not violate § 362 in foreclosing on the Reussers' property.

## IV

For the foregoing reasons, the district court's dismissal of the Reussers' action is

AFFIRMED.