**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PATRICIA JO URIBE, | No. 09-55515 |
| Plaintiff - Appellant, | D.C. No. 2:08-cv-04124-VBF-FFM |
| v. | |
| SHERMAN WAY GARDENS, LTD., a California Limited Parthership, DBA Olive Tree Apartments; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Valerie Baker Fairbank, District Judge, Presiding

Submitted December 14, 2010[**]

Before:    GOODWIN, WALLACE, and W. FLETCHER, Circuit Judges.

Patricia Jo Uribe appeals from the district court's summary judgment and

order dismissing in her action under the Fair Housing Act and state law.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Mindys Cosmetics, Inc. v.*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Dakar*, 611 F.3d 590, 595 (9th Cir. 2010) (dismissal under California's anti-SLAPP statute); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under the *Rooker-Feldman* doctrine and grant of summary judgment). We affirm.

The district court properly concluded that the *Rooker-Feldman* doctrine barred Uribe's claims because her action constituted a de facto appeal of a state court decision and raised claims that were inextricably intertwined with that decision. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (a federal action is barred if adjudication of the federal claims would undermine the state court ruling).

The district court properly struck the state law claims against defendant Mordoh because Uribe failed to demonstrate a probability of success in light of California's litigation privilege. *See Mindys Cosmetics,* 611 F.3d at 595 (explaining the burden-shifting analysis under California's anti-SLAPP statute); *Rubin v. Green*, 847 P.2d 1044, 1047 (Cal. 1993) (communications in connection with matters related to a lawsuit are privileged under Cal. Civ. Code § 47(b)). We do not consider Uribe's contentions regarding her federal claims against defendant Mordoh because she failed to include these claims in her amended complaint. *See London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981) (a plaintiff

waives all claims dismissed with leave to amend by failing to re-allege them in the amended complaint).

Uribe's remaining contentions are unpersuasive.

**AFFIRMED.**