**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN BENJAMIN FREEMAN, | No. 13-35570 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01006-JCC |
| v. | |
| KING COUNTY SUPERIOR COURT; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted March 10, 2015[**]

Before:     FARRIS, WARDLAW, and PAEZ, Circuit Judges.

John Benjamin Freeman appeals pro se from the district court's judgment

dismissing for lack of subject matter jurisdiction his action alleging extrinsic fraud in

connection with prior state court litigation.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1291. We review de novo the district court's dismissal, *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003), and we affirm.

The district court properly dismissed Freeman's action under the *Rooker-Feldman* doctrine because Freeman's claims based on extrinsic fraud have been raised and rejected in a prior state court action and this action, therefore, amounts to a de facto appeal of that state court judgment. *See Reusser v. Wachovia Bank, N.A*, 525 F.3d 855, 858-60 (9th Cir. 2008) (defining a "de facto appeal" under the *Rooker-Feldman* doctrine, and explaining that the doctrine bars a claim of extrinsic fraud if the alleged fraud has been separately litigated in a state action to vacate the purportedly erroneous judgment).

**AFFIRMED.**