J-A06043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SUNLIGHT ELECTRICAL CONTRACTING CO., INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOHN J. TURCHI, JR., TURCHI, INC., 23S23 CONSTRUCTION, INC. AND CARRIAGE HOUSE CONDOMINIUMS, G.P. | |
| Appellees | No. 1877 EDA 2014 |

Appeal from the Order Entered May 16, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 130201418

BEFORE: PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.: **FILED MARCH 30, 2015**

Sunlight Electrical Contracting Co., Inc. ("Sunlight") appeals from an order granting summary judgment to John J. Turchi, Jr. ("Turchi"), Turchi, Inc., 23S23 Construction, Inc. ("23S23") and Carriage House Condominiums, G.P. ("CHC GP") (collectively "Appellees") and dismissing all of Sunlight's claims "without prejudice to reassert them if permitted by the bankruptcy court." The trial court determined that (1) the bankruptcy estates of 23S23 and CHC GP (or the trustees of these estates) were indispensable parties, and (2) because the bankruptcy estates were closed, Sunlight had to ask the bankruptcy court for permission to re-open the estates and join them as defendants.

1

In this appeal, Sunlight argues persuasively that the bankruptcy estates are not indispensable parties. Appellees do not vigorously contest the indispensable party issue; instead, Appellees insist that Sunlight lacks standing to bring this action.

We reverse and remand for further proceedings. We disagree with the trial court's conclusion that the bankruptcy estates are indispensable parties. Moreover, Appellees waived their argument that Sunlight lacked standing to pursue claims against Appellees in the trial court. Even if Appellees preserved this issue for appeal, we hold that Sunlight has standing to prosecute this action. We leave all remaining issues for the trial court to resolve on remand.

A detailed procedural history will lay the foundation for our decision. Sunlight was a subcontractor at a real estate development project at 23 South 23rd Street in Philadelphia known as the Carriage House Condominium ("the Condominium"). The owner of the Condominium was Carriage House Condominiums L.P. ("CHC LP"), whose general partner was CHC GP. Turchi was the principal owner and officer of both CHC LP and CHC GP. Turchi was also the sole owner and officer of Turchi, Inc. and 23S23. The same attorneys represent all Appellees.

In February 2005, Sunlight entered into a written agreement with 23S23 to perform the electrical construction on the project. The agreement designated 23S23 as the "Construction Manager" and CHC LP as the "owner" of the project. Sunlight alleges that 23S23 paid some, but not all, of the

money due under the subcontract and also failed to pay for additional work that 23S23 requested Sunlight to perform, notwithstanding Turchi's repeated promises to make payment. 23S23 and CHC LP allegedly funneled monies to Turchi, Inc. and Turchi that were due and owing to Sunlight.

In December 2008, Sunlight filed a complaint in the Court of Common Pleas of Philadelphia County ("trial court") against Turchi and twelve other defendants, including 23S23 and Turchi, Inc. Sunlight asserted a federal RICO claim against Turchi under 18 U.S.C. § 1962 based on his alleged fraudulent schemes and unlawful use of 23S23, CHC LP and other entities in orchestrating these schemes. In addition, Sunlight alleged state law claims against Turchi for fraud and alter ego/veil piercing claims against 23S23 and CHC LP in an attempt to target Turchi's assets. On December 16, 2008, based on the federal RICO claim, Turchi filed a notice of removal in the United States District Court for the Eastern District of Pennsylvania ("district court").

In April 2009, 23S23 and CHC LP both filed for bankruptcy under Chapter 11 in the United States Bankruptcy Court for the Eastern District of Pennsylvania. The district court placed Sunlight's case in civil suspense due to the automatic stay arising from these bankruptcies.

In December 2009, Sunlight moved for relief from the automatic stay in order to pursue its claims against Turchi and the other appellees. Appellees filed a response in opposition to Sunlight's motion for relief, but

shortly thereafter, Appellees withdrew their opposition to Sunlight's motion. On January 21, 2010, the Bankruptcy Court granted Sunlight leave to pursue its claims against 23S23, CHC LP, and all non-debtor defendants, including Turchi, in the district court.[1]

In April 2012, Sunlight filed an amended complaint in the district court against Appellees which amplified its RICO claim and alter ego/piercing claims against Turchi. Appellees filed an answer to the amended complaint and later moved for partial summary judgment. On January 18, 2013, the district court granted summary judgment to Turchi on the RICO claim and dismissed the state law claims without prejudice to Sunlight reasserting them in state court. *Sunlight Electrical Contracting Co. v. Turchi*, 918 F.Supp.2d 392 (E.D.Pa.2013).

On February 14, 2013, in accordance with the district court's order, Sunlight returned to the trial court and filed a complaint alleging state law claims against Appellees. Later in 2013, Sunlight filed an amended

_____

[1] Both bankruptcy estates later closed. On April 6, 2010, counsel for Appellees informed the Bankruptcy Court that 23S23 had no assets. On June 29, 2010, the Bankruptcy Court confirmed CHC LP's plan of reorganization and declared its debts discharged. In July 2011, the bankruptcy trustee entered a "report of no distribution" concerning 23S23, stating that he "made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law." In September 2012, the Bankruptcy Court entered an order closing 23S23's bankruptcy.

complaint which included four counts: (1) an action against Turchi under the Contractor and Subcontractor Payment Act, 73 P.S. § 501 *et seq.*; (2) an action against Turchi and 23S23 for participating together in a scheme to defraud Sunlight; (3) an action against Turchi and Turchi, Inc. for participating together in a scheme to defraud Sunlight; and (4) an action against Turchi for fraud. Appellees filed an answer to the amended complaint with new matter. In November 2013, Appellees filed a motion for summary judgment contending, *inter alia*, that Sunlight lacked standing to prosecute alter ego/veil piercing claims against Turchi -- the first time in the five years of litigation that Appellees challenged Sunlight's lack of standing.[2]

On May 16, 2014, the trial court entered summary judgment in favor of Appellees. The trial court characterized Sunlight's claims as "veil piercing" claims and stated that these claims belonged in Bankruptcy Court:

> Such veil piercing claims against Turchi and Turchi, Inc. are potential assets of 23S23's and CHC, LP's bankrupt estates. However, Sunlight ... chose not to pursue such claims in the bankruptcy court where they belong, nor to do so on behalf of all similarly situated creditors. Instead, [Sunlight] asserted individual claims seeking the repayment of the allegedly stolen sums directly and only to it.
>
> The point of a bankruptcy proceeding is not to shield a swindler from the reach of those he duped. It is

---

[2] Appellees also argue that various affirmative defenses defeated Sunlight's claims as a matter of law.

> instead a chance for his victims to help the trustee locate the debtor's assets so that they can be distributed fairly among all his creditors. This court would undermine the federal bankruptcy scheme if it were to permit Sunlight's individual veil piercing claims to proceed here. Instead, Sunlight's claims in this action must be dismissed without prejudice for them to be re-filed in re-opened bankruptcy proceedings involving 23S23 and CHC LP.

Opinion filed May 16, 2014, p. 3.

Sunlight filed a timely notice of appeal and a timely Pa.R.A.P. 1925(b) statement claiming that Appellees waived the defense of Sunlight's lack of standing by not raising it until their motion for summary judgment. In response, the trial court filed a Pa.R.A.P. 1925(a) opinion in which it asserted, *sua sponte*, that it was proper to dismiss Sunlight's action for failure to join two "indispensable" parties, the bankruptcy estates of 23S23 and CHC LP:

> In this case, [Sunlight's] standing is called into question because the right it is attempting to enforce belongs to someone else, namely two, now closed, federal bankruptcy estates. Those estates, whose rights are being litigated here, therefore appear to be indispensable parties to this litigation. Failure to join an indispensable party is a non-waivable defense, which goes to the court's subject matter jurisdiction, and may be raised at any time, even *sua sponte*. . .
>
> An award to [Sunlight] on the veil piercing claims it asserted in this action would necessarily deprive the bankruptcy estates and the bankrupt entities' creditors of assets that could be distributed in accord with federal bankruptcy law. In other words, the estates' rights to those assets could be impaired by a ruling on [Sunlight's] claims, which makes the

> estates indispensable parties to this litigation. As indispensable parties, the bankruptcy estates, or their trustees, must be joined as plaintiffs, or the court lacks jurisdiction to hear the matter. Since the estates are closed, the court directed [Sunlight] to attempt to re-open them, so the trustees may bring the claims for piercing the corporate veil that were asserted by [Sunlight] here.

Pa.R.A.P. 1925(a) Opinion filed September 15, 2014, pp. 2-3.

On August 13, 2014, after filing its notice of appeal, Sunlight filed a motion in Bankruptcy Court to re-open bankruptcy proceedings in the closed 23S23 and CHC GP estates. Sunlight argued that the Bankruptcy Court closed 23S23's estate because 23S23 misled the court into believing that 23S23 had no assets to distribute. According to Sunlight, (1) Turchi siphoned $660,000, first to 23S23 and then to Turchi, Inc. (or himself), (2) counsel for 23S23 misrepresented to the Bankruptcy Court that 23S23 had no assets and failed to advise the court of these siphoning activities, (3) the monies that flowed through 23S23 in this fashion constituted assets of 23S23 that the Bankruptcy Court did not administer or distribute due to counsel's misrepresentation, and (4) these funds remain unabandoned property of the bankruptcy estate to this day because they have not formally been administered or distributed.

On September 3, 2014, following a hearing on Sunlight's motion to re-open bankruptcy proceedings, the Bankruptcy Court denied Sunlight's motion. Sunlight did not appeal the Bankruptcy Court's order.

Sunlight raises four issues in this appeal, which we re-order for purposes of disposition:

> 1. Whether the trial court erred in concluding that 'as indispensable parties, the bankruptcy estates, or their trustees, must be joined as plaintiffs, or the court lacks jurisdiction to hear the matter,' where the trial court failed to consider the Order entered by the bankruptcy court on January 21, 2010, a copy of which was Exhibit 7 to defendants' 'Motion of Summary Judgment', which Order granted plaintiff leave to resume the prosecution of its alter ego and piercing claims against John J. Turchi, Jr. and to litigate those claims to final judgment[?]
>
> 2. Whether the trial court erred in dismissing all of [Sunlight's] claims on the grounds that it lacked standing to assert the claims stated in its amended complaint, where defendants did not raise, plead or otherwise assert lack of standing in their preliminary objections, in their answer to the amended complaint, or as new matter[?]
>
> 3. Whether the trial court erred in dismissing all of [Sunlight's] claims on the grounds that it 'would undermine the federal bankruptcy scheme by allowing Sunlight's individual veil piercing claims to proceed here,' where a) defendants admitted by their answer to paragraph 64 of the amended complaint that plaintiff had satisfied all conditions precedent to its right to assert and pursue its claims; b) defendants, and particularly defendant John J. Turchi, Jr. ('Turchi'), are judicially and equitably estopped from asserting [Sunlight's] lack of standing on the basis of the pleadings and motions they filed in the federal court litigation docketed at No. 2:08-cv-05834-SD, none of which asserted Sunlight's lack of standing to assert and pursue the identical claims; c) neither Turchi nor Turchi, Inc. has filed a petition in bankruptcy, and the common law claims stated in the four counts of the amended complaint are not only 'veil piercing claims' and are not within the scope of jurisdiction of the bankruptcy court; d)

there is no controlling authority in any case decision of any state court of Pennsylvania or Delaware, or in either state's 'corporation law', for the proposition that a debtor-in-possession or a trustee has exclusive standing to pursue a principal of a debtor on a veil piercing claim[?]

4. Whether the trial court erred in dismissing all of [Sunlight's] claims, as stated in its amended complaint, 'without prejudice to reassert them if permitted by the bankruptcy court', where the trial court should have exercised its discretion and authority to stay all proceedings in this civil action pending the further order of the court, rather than dismissing all of [Sunlight's] claims[?]

Brief For Appellant, pp. 4-6 (statement of questions involved in appeal).

These four questions boil down to whether Sunlight's action is defective due to failure to join an indispensable party and/or lack of standing.

We review the indispensable party question first. An indispensable party is one whose rights are so connected with the claims of the litigants that **no decree can be made without impairing its rights**. *Sabella v. Appalachian Development Corp.*, 103 A.3d 83, 90 (Pa.Super.2014). "In Pennsylvania, an indispensable party is one whose rights are so directly connected with and affected by litigation that he must be a party of record to protect such rights, and his absence renders any order or decree of court null and void for want of jurisdiction." *Cry, Inc. v. Mill Service, Inc.*, 640 A.2d 372, 375 (Pa.1994). This jurisdiction issue presents a pure question of

law for which our standard of review is *de novo*. ***Mazur v. Trinity Area School Dist.***, 961 A.2d 96, 101 (Pa.2008).

The indispensable party calculus involves, at a minimum, the following factors:

> 1. Do absent parties have a right or interest related to the claim?
> 2. If so, what is the nature of that right or interest?
> 3. Is that right or interest essential to the merits of the issue?
> 4. Can justice be afforded without violating the due process rights of absent parties?

***Id***.

The 23S23 and CHC GP bankruptcy estates are not indispensable parties, because it is possible for Sunlight to win a judgment against Appellees without impairing the rights of the estates. On January 21, 2010, the bankruptcy court granted relief from the automatic stay to Sunlight so that it could proceed in federal district court against Appellees. This order effectively reduced the bankruptcy estates' rights to a remote and contingent interest in the outcome of Sunlight's action against Appellees. These rights are not "so directly connected with and affected by litigation that [the bankruptcy estates] must be [parties] of record to protect such rights." ***Cry, Inc.***, ***supra***, 640 A.2d at 375.

In reaching this conclusion, we find instructive the Eleventh Circuit's summary of automatic stay precepts and the rights of bankruptcy estates following an order granting relief from the automatic stay:

Upon a debtor's filing of a bankruptcy petition, his legal and equitable interests in property become the property of the bankruptcy estate. 11 U.S.C. § 541(a)(1). The filing of a petition also operates as an automatic stay, preventing the creation, perfection, or enforcement of any lien against the estate's property. 11 U.S.C. § 362(a)(4). The bankruptcy court may grant creditors relief from the stay after notice and a hearing. 11 U.S.C. § 362(d). A stay-relief order is a final order that is immediately appealable, ***Borg–Warner Acceptance Corp. v. Hall**,* 685 F.2d 1306, 1309 (11th Cir.1982), and not subject to collateral attack, ***F.D.I.C. v. Shearson– American Exp., Inc.,*** 996 F.2d 493, 498 (1st Cir.1993). A bankruptcy court's order lifting the automatic stay is not equivalent to an abandonment of the estate's property. ***Catalano v. Comm'r,*** 279 F.3d 682, 686–87 (9th Cir.2002). When a bankruptcy trustee abandons estate property, the estate is completely divested of any interest in the abandoned property. ***Id**.* On the other hand, *when a bankruptcy court grants a creditor relief from the automatic stay for part of the estate's property, the bankruptcy estate retains a residual interest in that property*. ***See id**.* But, a stay-relief order normally allows the relieved creditor to realize its interest in the collateral, ***Killebrew v. Brewer (In re Killebrew)**,* 888 F.2d 1516, 1519–20 (5th Cir.1989), by, for example, pursuing a foreclosure action. *If such a foreclosure sale results in proceeds in excess of the relieved creditor's interest, the surplus proceeds normally belong to the estate*. ***Id**.*

***Old West Annuity and Life Ins. Co. v. Apollo Group ("Old West")***, 605 F.3d 856, 862-63 (11th Cir. 2010) (emphasis added).

In this case, the Bankruptcy Court's relief order relegated the bankruptcy estates' interests to any "surplus" proceeds arising from

Sunlight's litigation against Appellees. **Old West, supra**. While Sunlight's litigation theoretically could yield surplus proceeds,[3] the likelihood of this occurrence is speculative. Therefore, the bankruptcy estates' interests in this litigation are too contingent for them to be indispensable parties. **Compare Sabella**, **supra**, 103 A.3d at 90 (party is indispensable only when no decree can be made without impairing its rights).

We now turn to Appellees' claim that Sunlight lacks standing, an argument first raised in Appellees' motion for summary judgment below. We agree that Appellees have waived this defense by failing to raise it in their state court pleadings. Pa.R.Civ.P. 1032(a) ("a party waives all defenses and objections which are not presented either by preliminary objection, answer or reply, except a defense which is not required to be pleaded under Rule 1030(b), the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, the objection of failure to state a legal defense to a claim, the defenses of failure to exercise or exhaust a statutory remedy and an adequate remedy at law and

_____

[3] For example, surplus proceeds could arise from a sheriff's sale on Turchi's house during execution of Sunlight's judgment that generates greater proceeds than the amount of Sunlight's judgment. The surplus proceeds would flow into the two bankruptcy estates for distribution. The estate of 23S23, which has been closed since 2012, presumably would have to be re-opened to distribute such proceeds. It is unclear from the record whether CHC LP's estate remains open. If it has closed, it, too, presumably would have to be re-opened for distribution purposes.

any other nonwaivable defense or objection"). Even if Appellees had preserved this issue for appeal, it is devoid of merit.

The core concept of standing is that a person who is not adversely affected in any way by the matter he seeks to challenge is not aggrieved thereby and has no standing to obtain a judicial resolution to his challenge. *Johnson v. American Standard*, 8 A.3d 318, 329 (Pa.2010). Standing is a question of law, so our standard of review is *de novo*, and our scope of review is plenary. *Id*., 8 A.3d at 326.

Appellees' challenge to Sunlight's standing is unconvincing. Sunlight clearly had standing to proceed against Appellees when it originally commenced suit in 2008. Although this case was diverted to federal court and later to Bankruptcy Court, the Bankruptcy Court's January 21, 2010 order granting relief from the automatic stay permitted Sunlight to proceed on its own in its action against Appellees without any participation by the bankruptcy estates. *Old West*, *supra*, 605 F.3d at 862-63. This order has never been rescinded. Thus, Sunlight has the unfettered right to seek, and, if it has a meritorious case, obtain all damages from Appellees to which it is entitled, and the bankruptcy estates have the right to obtain any "surplus" proceeds in excess of Sunlight's right of recovery.

It also bears emphasis that prior to the Bankruptcy Court's order, Appellees had ample opportunity to challenge Sunlight's standing or to argue that the bankruptcy estates had exclusive standing. Appellees actually filed

an objection in Bankruptcy Court to Sunlight's motion for relief from the automatic stay but then withdrew their objection in advance of the order granting Sunlight relief. Having withdrawn their objection to Sunlight's motion for relief from the stay, Appellees cannot challenge Sunlight's standing now. *Cf. Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 861-62 (9th Cir.2008) (during bankruptcy proceedings, appellants/debtors waived right to appeal order granting bank relief from automatic stay by failing to object to bank's standing in Bankruptcy Court).[4]

Accordingly, we conclude that the bankruptcy estates are not indispensable parties, and that Sunlight has standing to pursue its claims against Appellees in the trial court. We remand to the trial court for further proceedings on all issues not resolved in this memorandum.

---

[4] On January 26, 2015, Sunlight filed a motion to strike portions of Appellees' brief relating to a motion that Sunlight filed in Bankruptcy Court on August 13, 2014, subsequent to its appeal to this Court. Sunlight requested in its August 13, 2014 motion that the Bankruptcy Court re-open bankruptcy proceedings in the closed 23S23 and CHC GP estates. On September 3, 2014, the Bankruptcy Court denied Sunlight's motion.

Because Sunlight did not prevail in Bankruptcy Court, its motion to re-open bankruptcy proceedings has no effect on this appeal. Had Sunlight prevailed in its motion, principles of judicial estoppel might have precluded Sunlight from asserting positions in this appeal that were inconsistent with its motion. *In Re Adoption of S.A.J.*, 838 A.2d 616, 621 (Pa.Super.2003) (judicial estoppel precludes party from taking a position inconsistent with a position that it successfully maintains in different court). But since it did not prevail, its gambit in another court is of no legal consequence in this appeal. We deny Sunlight's motion to strike as moot.

Reversed and remanded for further proceedings. Sunlight's motion to strike portions of Appellees' brief denied as moot. Jurisdiction relinquished.

Judge Ott joins in this memorandum.

Judge Panella concurs in the result.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/30/2015