**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 24 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WILLIAM TEZAK, individually,

Plaintiff-Appellant,

v.

GEOFFREY T. GLASS, individually and in his official capacity; et al.,

Defendants-Appellees.

No. 14-56899

D.C. No. 8:13-cv-01566-JFW-PJW

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Submitted February 14, 2017**

Before:    GOODWIN, FARRIS, and FERNANDEZ, Circuit Judges.

William Tezak appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a district court's dismissal under the *Rooker-*

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We affirm.

The district court properly dismissed Tezak's action as barred by the *Rooker-Feldman* doctrine because Tezak's claims constitute a de facto appeal of prior state court judgments. *See id*. at 1163-65 (*Rooker-Feldman* bars de facto appeals of a state court decision and constitutional claims "inextricably intertwined" with the state court decision); *see also Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (a de facto appeal is one in which "the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules" (citations and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Tezak leave to amend his complaint because amendment would have been futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend can be denied if amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**