**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

OCT 4 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| A. EDWARD EZOR, | No. 16-55801 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00562-JVS-AGR |
| v. | |
| REVA G. GOETZ; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted September 26, 2017**

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

A. Edward Ezor appeals pro se from the district court's judgment dismissing

his action alleging federal and state law claims arising from probate proceedings.

We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal

under the *Rooker-Feldman* doctrine.  *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir.

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

2003).  We affirm.

The district court properly concluded that it lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine over Ezor's claims against defendants Goetz, Aldrich, Kitching, and the Estate of H. Walter Croskey because these claims amounted to a forbidden "de facto appeal" of a prior, final state court judgment.  *See id.* at 1163 ("It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court."); *Bianchi v. Rylaarsdam*, 334 F.3d 895, 901-02 (9th Cir. 2003) (due process claim against state court judge for bias was "inextricably intertwined" with the state court's decision, and thus beyond the federal court's subject matter jurisdiction).  Contrary to Ezor's contention, the extrinsic fraud exception to the *Rooker-Feldman* doctrine does not apply because Ezor did not allege any facts showing that he was prevented from presenting his claims in state court.  *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004) (*Rooker-Feldman* doctrine does not apply if extrinsic fraud prevented a party from presenting his claim in state court).

We reject as unsupported by the record Ezor's contentions that Magistrate Judge Rosenberg was biased and should have been disqualified.

We do not consider matters not specifically and distinctly raised and argued

2                                          16-55801

in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Ezor's request to strike the answering brief, set forth in his reply brief, is denied.

Ezor's motion for an order to interplead disputed funds (Docket Entry No. 11) is denied.

**AFFIRMED.**