**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 4 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| A. EDWARD EZOR, | No. 16-56720 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-09784-JVS-AGR |
| v. | |
| ELI MORGENSTERN; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted September 26, 2017[**]

Before:    SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

A. Edward Ezor appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action challenging his California State Bar disbarment

proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

dismissal under the *Rooker-Feldman* doctrine. *Noel v. Hall,* 341 F.3d 1148, 1154

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2003). We affirm.

The district court properly concluded that it lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine because Ezor's action amounted to a forbidden "de facto appeal" of a prior, final state court judgment. *Id.* at 1163; *Bianchi v. Rylaarsdam*, 334 F.3d 895, 901-02 (9th Cir. 2003) (constitutional claim against state court judge for bias was "inextricably intertwined" with the state court's decision, and thus beyond the federal court's subject matter jurisdiction). Contrary to Ezor's contention, the extrinsic fraud exception to the *Rooker-Feldman* doctrine does not apply because the alleged fraud was litigated in the state action. *See Reusser v. Wachovia Bank, N.A*, 525 F.3d 855, 859-60 (9th Cir. 2008) (*Rooker-Feldman* doctrine bars a claim of extrinsic fraud if the alleged fraud has been separately litigated in a state action).

The district court did not abuse its discretion by dismissing the action without leave to amend because amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (standard of review).

The district court did not abuse its discretion in denying Ezor's motion to recuse Magistrate Judge Rosenberg. *See United States v. Johnson*, 610 F.3d 1138, 1147-48 (9th Cir. 2010) (setting forth standard of review and grounds for recusal).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

16-56720

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**