**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: ENRIQUE REYES; GUADALUPE REYES, <br><br> Debtors. <br><br> ----------------------------- <br><br> ENRIQUE REYES; GUADALUPE REYES, <br><br> Appellants, <br><br> v. <br><br> MIGRAN KUTNERIAN, Deceased, AKA Michael Kutnerian; KUTNERIAN ENTERPRISES, <br><br> Appellees. | No. 19-60027 <br><br> BAP No. 18-1229 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Brand, Spraker, and Lafferty III, Bankruptcy Judges, Presiding

Argued and Submitted June 12, 2020
San Francisco, California

Before: TASHIMA and HUNSAKER, Circuit Judges, and SELNA,[**] District

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable James V. Selna, Senior United States District Judge for the Central District of California, sitting by designation.

Judge.

Chapter 13 debtors Enrique and Guadalupe Reyes (the "Reyeses") appeal pro se from the Bankruptcy Appellate Panel's ("BAP") judgment affirming the bankruptcy court's order dismissing the Reyeses' motion to vacate a state court unlawful detainer judgment against them. We have jurisdiction under 28 U.S.C. § 158(d). "We review de novo [BAP decisions] and apply the same standard of review that the BAP applied to the bankruptcy court's ruling." *Boyajian v. New Falls Corp. (In re Boyajian)*, 564 F.3d 1088, 1090 (9th Cir. 2009). We affirm.

The bankruptcy court properly dismissed the Reyeses' Federal Rule of Civil Procedure 60(b)(4) motion as barred under the *Rooker–Feldman* doctrine because it constituted a forbidden "de facto appeal" of the prior state court unlawful detainer judgment. *See Noel v. Hall*, 341 F.3d 1148, 1163–65 (discussing proper application of the *Rooker–Feldman* doctrine). In order to grant the relief sought in the Rule 60(b)(4) motion, the bankruptcy court would have to determine that the state trial court erred by finding that the Reyeses were properly served with sufficient notice of termination of their tenancy, and by entering judgment in Kutnerian's favor. *See Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that the *Rooker–Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review

2                                                                            19-60027

and rejection of those judgments"); *Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (noting that the *Rooker–Feldman* doctrine barred plaintiff's claim because the relief sought "would require the district court to determine that the state court's decision was wrong and thus void").

Appellants failed to establish that an exception to the *Rooker–Feldman* doctrine applies. The Reyeses contended in their Rule 60(b)(4) motion that Kutnerian's "fraudulent notice of termination" constituted extrinsic fraud, but they failed to demonstrate that Kutnerian's conduct prevented them from participating fully in the unlawful detainer action. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140–41 (9th Cir. 2004) (defining extrinsic fraud and recognizing that the *Rooker–Feldman* doctrine does not apply if extrinsic fraud prevented a party from presenting his or her claim in state court); *City & County of San Francisco v. Cartagena*, 41 Cal. Rptr. 2d 797, 801 (Ct. App. 1995) ("The essence of extrinsic fraud is one party's preventing the other from having his day in court."). Moreover, the record reflects that the Reyeses raised in the state court issues concerning the sufficiency of the notice of termination, and the state court rejected their arguments. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 860 (9th Cir. 2008) (holding that the *Rooker–Feldman* doctrine barred plaintiffs' extrinsic fraud claim that was presented to, and rejected by, state courts).

Contrary to appellants' contention, the bankruptcy court's power to

19-60027

adjudicate a core proceeding does not operate "independently and separately" from the *Rooker–Feldman* doctrine in all instances. *See Gruntz v. County of L.A. (In re Gruntz)*, 202 F.3d 1074, 1078, 1084, 1087–88 (9th Cir. 2000) (en banc) (concluding that the *Rooker–Feldman* doctrine did not apply "in this instance" where a state court judgment impermissibly intruded on the bankruptcy court's authority to determine the scope of the automatic stay) ("This is not to say that the *Rooker–Feldman* doctrine . . . [is] wholly inapplicable in bankruptcy law. Preclusive effect is often extended to pre-petition state judgments as to identical issues raised in subsequent bankruptcy proceedings." (citations omitted)).[1]

Appellants' motion for judicial notice [Dkt. 14 & 15] is denied as unnecessary.

**AFFIRMED.**

---

[1] We do not reach the issue of whether the Reyes' Rule (60)(b)(4) motion was also defective because Rule 60(b), like the other Federal Rules of Civil Procedure, applies only to federal court judgments, not to state court judgments.