**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 30 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOEL BECK, | No. 23-15203 |
| Plaintiff-Appellant, | D.C. No. 3:22-cv-00225-MMD-CLB |
| v. | |
| NATIONSTAR MORTGAGE, LLC, DBA Mr. Cooper; WELLS FARGO BANK, N.A., as Trustee Securitized Trust Structured; FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS, LLC, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted April 22, 2024[**]

Before:     CALLAHAN, LEE, and FORREST, Circuit Judges.

Joel Beck appeals pro se from the district court's judgment dismissing his

action alleging a due process claim arising from state court proceedings.  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.  *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003).  We affirm.

The district court properly dismissed Beck's action as barred by the *Rooker-Feldman* doctrine because it amounted to a forbidden "de facto appeal" of a prior state court judgment and raised a constitutional claim that was "inextricably intertwined" with that judgment.  *See id.* at 1163-65 (discussing proper application of the *Rooker-Feldman* doctrine); *see also Benavidez v. County of San Diego*, 993 F.3d 1134, 1142 (9th Cir. 2021) (explaining that the *Rooker-Feldman* doctrine applies even where the challenge to the state court decision involves federal constitutional issues); *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 860 (9th Cir. 2008) (*Rooker-Feldman* doctrine bars a claim of extrinsic fraud if the alleged fraud has been separately litigated in a state action).

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending requests are denied.

**AFFIRMED.**

23-15203