**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES J. ISON; ISON LAW FIRM, PC, | No. 23-16219 |
| Plaintiffs - Appellants, | D.C. No. 2:21-cv-01546-JAM-KJN |
| v. | |
| ETHAN P. SCHULMAN; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Submitted May 23, 2025**
San Francisco, California

Before: BERZON, FRIEDLAND, and MENDOZA, Circuit Judges.

Plaintiffs James Ison and Ison Law Firm ("Plaintiffs") appeal the district court's dismissal of their complaint without leave to amend. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

We review the district court's grant of a motion to dismiss de novo and the district court's denial of leave to amend for abuse of discretion. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

1.      Plaintiffs do not challenge the district court's dismissal of claims against former Chief Justice Tani Cantil-Sakauye, Judge Ethan Schulman, the Judicial Council of California, and the Superior Court of California ("Judicial Defendants"). "[O]n appeal, arguments not raised by a party in its opening brief are deemed waived." *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Because Plaintiffs make no argument related to the dismissal of Judicial Defendants, these arguments are waived.

2.      The district court properly dismissed the claims against the remaining Defendants based on the *Rooker-Feldman* doctrine and claim preclusion.

The *Rooker-Feldman* doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment." *Reusser v. Wachovia Bank*, 525 F.3d 855, 858–59 (9th Cir. 2008) (quoting *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004)). The doctrine "applies only when the federal plaintiff both asserts as her injury legal error or errors by the state court *and* seeks as her remedy relief from the state court judgment." *Kougasian*, 359 F.3d at 1140. Here, Plaintiffs essentially allege that

2

Judge Schulman's rulings were so erroneous that he must have been colluding with the other defendants.  Plaintiffs point to no injury from the alleged conspiracy other than Judge Schulman's decisions.  Plaintiffs' conspiracy claims thus "assert[] as [their] injury legal error or errors by the state court."  *Id.*  As to remedy, Plaintiffs suggest no monetary damages they suffered other than the attorneys' fees and contempt fine assessed by Judge Schulman.  Plaintiffs thus functionally "seek[] as [their] remedy relief from the state court judgment."  *Id.*  For these reasons, Plaintiffs' conspiracy-based claims are barred under the *Rooker-Feldman* doctrine.

Plaintiffs' remaining fraud allegations are merely a restatement of their allegations in the state court action and are barred by claim preclusion.  *See Media Rts. Techs., Inc. v. Microsoft Corp.*, 922 F.3d 1014, 1020 (9th Cir. 2019) ("Claim preclusion bars a party in successive litigation from pursuing claims that 'were raised or could have been raised in [a] prior action.'" (alteration in original) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001))).

3.      The district court did not abuse its discretion by dismissing the complaint without leave to amend.  A district court may deny a plaintiff leave to amend "if the proposed amendment is futile or would be subject to dismissal." *Wheeler v. City of Santa Clara*, 894 F.3d 1046, 1059 (9th Cir. 2018).  Here,

Plaintiffs do not explain what additional facts they could include in an amended complaint that would save their claims from dismissal.

**AFFIRMED.**