NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 25 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID PALAND,

Plaintiff-Appellant,

v.

ROY RICHARD WILLIAMS; et al.,

Defendants-Appellees.

No. 15-15273

D.C. No. 3:14-cv-00631-RS

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Richard Seeborg, District Judge, Presiding

Submitted January 18, 2017[**]

Before:      TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

David Paland appeals pro se from the district court's judgment dismissing

his action alleging federal and state law claims arising from the imposition of

charges for water and sewer services.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo.  *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015)

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(subject matter jurisdiction); *Rhoades v. Avon Products, Inc.*, 504 F.3d 1151, 1156 (9th Cir. 2007) (failure to state a claim); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under the *Rooker-Feldman* doctrine). We affirm.

The district court properly dismissed Paland's claims regarding the pre-Measure D charges as barred by the *Rooker-Feldman* doctrine because Paland's claims sought review of a prior state court judgment. *See Noel*, 341 F.3d at 1163-65 (*Rooker-Feldman* bars de facto appeals of a state court decision and constitutional claims "inextricably intertwined" with the state court decision); *see also Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (a de facto appeal is one in which "the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules" (citations and internal quotation marks omitted)).

The district court properly dismissed Paland's post-Measure D claims for lack of subject matter jurisdiction because these claims did not raise a substantial federal issue. *See* 28 U.S.C. § 1331; *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086-87 (9th Cir. 2009) (discussing requirements for federal question jurisdiction under § 1331).

The district court properly dismissed Paland's Racketeer Influenced and

15-15273

Corrupt Organizations Act ("RICO") claim because Paland failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation omitted)); *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 557 (9th Cir. 2010) (elements of RICO claim).

The district court did not abuse its discretion by declining to exercise supplemental jurisdiction over Paland's breach of contract claim. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) (where all federal claims are eliminated before trial, courts generally should decline to exercise supplemental jurisdiction over remaining state law claims); *Tritchler v. County of Lake*, 358 F.3d 1150, 1153 (9th Cir. 2004) (standard of review).

The district court did not abuse its discretion by denying Paland's motion to strike defendants' motion to dismiss. *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1038 (9th Cir. 2003) (providing standard of review).

We do not consider any arguments not specifically and distinctly raised in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

15-15273