NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

FEB 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BILLY L. EDWARDS, | No. 17-16544 |
| Plaintiff-Appellant, | D.C. No. 4:17-cv-00149-RCC |
| v. | |
| SUSANA MARTINEZ, Governor, State of New Mexico; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, Chief Judge, Presiding

Submitted February 13, 2018[**]

Before: LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Billy L. Edwards appeals pro se from the district court's judgment dismissing his action alleging federal claims related to a property dispute. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under the *Rooker-Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003).

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We affirm.

The district court properly concluded that it lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine because Edwards sought review of a prior state court judgment. *See id.* (the *Rooker-Feldman* doctrine bars de facto appeals of a state court decision); *see also Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (a de facto appeal is one in which "the adjudication of the federal claims would undercut the state ruling" (citations and internal quotation marks omitted)). A dismissal under the *Rooker-Feldman* doctrine is a dismissal for lack of subject matter jurisdiction, *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004), and thus should be without prejudice, *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004). We affirm the district court's dismissal, but remand to the district court with instructions to amend the judgment to reflect that the dismissal is without prejudice.

We lack jurisdiction to consider Edwards' contentions on behalf of other named plaintiffs because Edwards, who is appearing pro se, may not represent other entities. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

**AFFIRMED; REMANDED with instructions to amend the judgment.**