NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DILLARD JAMES McNELEY, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> SHEPPARD, MULLIN, RICHTER AND HAMPTON LLP; et al., <br><br> Defendants-Appellees. | No. 19-55432 <br><br> D.C. No. 2:18-cv-08766-MWF-MAA <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Submitted February 4, 2020[**]

Before:    FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Dillard James McNeley appeals pro se from the district court's judgment

dismissing his employment action alleging due process and fraud claims.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for lack of

subject matter jurisdiction under the *Rooker–Feldman* doctrine.  *Kougasian v.*

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). We affirm, and remand with instructions.

The district court properly dismissed McNeley's claims, other than the claim under the California Bane Act, for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because these claims amounted to a forbidden "de facto appeal" of two prior state court judgments. *Noel v. Hall*, 341 F.3d 1148, 1163-65 (9th Cir. 2003) (discussing *Rooker–Feldman* doctrine); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (explaining *Rooker–Feldman* doctrine barred plaintiff's claim because alleged legal injuries arose from the "state court's purportedly erroneous judgment" and the relief he sought "would require the district court to determine that the state court's decision was wrong and thus void").

Contrary to McNeley's contention that his fraud-based claim fell within the extrinsic fraud exception to the *Rooker–Feldman* doctrine, the district court properly concluded that the *Rooker–Feldman* doctrine barred review of his fraud-based claim because it was already litigated in one of his prior state court actions. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 860 (9th Cir. 2008) (holding that the *Rooker–Feldman* doctrine barred review of a claim of extrinsic fraud because that claim "was itself separately litigated before and rejected by" the state court (emphasis omitted)).

19-55432

The district court did not abuse its discretion in denying McNeley's motions for reconsideration because McNeley failed to establish any basis for such relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

A dismissal under the *Rooker–Feldman* doctrine is a dismissal for lack of subject matter jurisdiction, *see Kougasian*, 359 F.3d at 1139, and thus should be without prejudice, *see Kelly v. Fleetwood Enterprises, Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004). Additionally, dismissals based on declining to exercise supplemental jurisdiction should be without prejudice. *See Gini v. Las Vegas Metro. Police Dep't*, 40 F.3d 1041, 1046 (9th Cir. 1994). Accordingly, we remand with instructions to enter judgment without prejudice.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED; REMANDED with instructions to enter judgment without prejudice.**