**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ESTELITA T. TERRADO, | No. 19-15677 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-00148-DKW-RLP |
| v. | |
| U.S. BANK, N.A., | MEMORANDUM* |
| Defendant-Appellee, | |
| and | |
| SANDY WONG, | |
| Defendant. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted April 7, 2020**

Before: TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Estelita T. Terrado appeals pro se from the district court's judgment

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

dismissing her foreclosure-related claims.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Salmon Spawning & Recovery All. v. Guitierrez*, 545 F.3d 1220, 1224 (9th Cir. 2008) (lack of standing); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under the *Rooker-Feldman* doctrine).  We affirm.

The district court properly dismissed Terrado's claims related to the foreclosure of her property for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because they are a "de facto appeal" of decisions of the Hawaii state court and are "inextricably intertwined" with those state court decisions.  *See Noel*, 341 F.3d at 1163; *see also Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (a de facto appeal is one in which "the adjudication of the federal claims would undercut the state ruling" (citations and internal quotation marks omitted)).

The district court properly dismissed Terrado's claims on behalf of her aunt for lack of standing.  *See Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc.*, 528 U.S. 167, 180-81 (2000) (to satisfy constitutional standing requirements, a plaintiff must show she has suffered an injury in fact that is fairly traceable to the challenged action of the defendant).

The district court did not abuse its discretion in denying Terrado's motions for default because Terrado failed to effect proper service on U.S. Bank.  *See* Fed. R. Civ. P. 4(c); *see also* Haw. Rev. Stat. § 634-24; *Speiser, Krause & Madole P.C.*

*v. Orti*z, 271 F.3d 884, 886 (9th Cir. 2001) (standard of review).

The district court did not abuse its discretion in denying Terrado's motion for reconsideration because Terrado failed to establish any basis for relief. *See Sch. Dist. No. 1J Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration).

**AFFIRMED.**

19-15677