NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 11 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

TERRI L. STILES and AHMAD
ALKAYALI,

Plaintiffs-Appellants,

v.

JOHN CLIFFORD, STEVEN SMITH,
DARREN RUDE, and DAVID R.
CHAFFEE,

Defendants-Appellees.

No. 22-55993

D.C. No. 8:22-CV-00469-JGB-
DFM

MEMORANDUM*

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Submitted December 4, 2023**
Pasadena, California

Before: WARDLAW and BUMATAY, Circuit Judges, and BENCIVENGO,***
District Judge.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Cathy Ann Bencivengo, United States District Judge
for the Southern District of California, sitting by designation.

Terri L. Stiles and Ahmad Alkayali ("Appellants") appeal the district court's order granting the motions to dismiss of Defendants (1) John Clifford, Steven Smith, and Darren Rude; and (2) David R. Chaffee. We have jurisdiction under 28 U.S.C. § 1291, and we **AFFIRM.**

1. The district court properly dismissed Appellants' First Amended Complaint ("FAC") based on the *Rooker-Feldman* doctrine. *See D.C. Ct. of Appeals v. Feldman,* 460 U.S. 462, 482–86 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 415–16 (1923). For Appellants to receive damages, the district court would need to overturn a state court decision twice reviewed by the California Court of Appeal. The FAC is therefore a *de facto* appeal of the state court's multiple rulings that Appellants lack an ownership interest in the disputed Neocell Corporation. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008) (holding that a *de facto* appeal exists where the federal claims are "inextricably intertwined" with the state court ruling). Nor have Appellants demonstrated that the extrinsic fraud exception to the *Rooker-Feldman* doctrine applies, because their claim asserts that the state court judge erred in his handling of the state court proceedings. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004) ("Extrinsic fraud on a court is, by definition, not an error by that court.").

2. The district court also properly dismissed the FAC because it was barred by the applicable two-year statute of limitations. *See* Cal. Code Civ. Proc. § 335.1.

The state court case that allegedly deprived Appellants of their rights was initiated in 2008, and any alleged fraud was discovered no later than 2015. Appellants brought this case in 2022, over ten years after the initial injuries occurred, and seven years after discovery of the alleged fraud. The permanent injunction enforced against Appellants is an "individualized claim" of injury that does not invoke the continuing violations doctrine. *See Bird v. Dep't of Hum. Servs.,* 935 F.3d 738, 748 (9th Cir. 2019) (holding that the normal discovery rule of accrual applies to a continuing impact from a past violation). Furthermore, equitable estoppel did not toll the statute of limitations, as there is no evidence in the record that Defendants prevented Appellants from filing their federal claim until 2022. *See Lukovsky v. City & Cnty. of San Francisco*, 535 F.3d 1044, 1052 (9th Cir. 2008) (finding equitable estoppel inapplicable where "plaintiffs did not allege any fraudulent concealment . . . above and beyond the actual basis for the lawsuit").

3. Because an amendment to the FAC could not cure these deficiencies, the district court did not abuse its discretion by denying leave to amend. *See Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir. 2000) ("A district court acts within its discretion to deny leave to amend when amendment would be futile . . ..").

**AFFIRMED.**